LILLIAN R. GIRARD *vs.* UNITED STATES RUBBER COMPANY.

JULY 13, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an original petition for workmen's compensation and medical expenses. From a decree of the workmen's compensation commission, affirming the decree of the single commissioner granting the petition, respondent has appealed to this court. Before filing its claim of appeal respondent did not comply with the terms of such decree. Instead it filed a motion in this court to stay the decree until its appeal therefrom was determined. In the meantime the petitioner had filed with the commission a petition to adjudge respondent in contempt. She also filed in this court a motion to dismiss the appeal.

On January 25, 1956 we heard the parties on the motion to stay and we reserved decision. The motion to dismiss was assigned for hearing on March 23, 1956 together with the appeal, subject to the disposition of the motion to stay. On that date we heard the parties fully on both matters, but withheld further consideration thereafter until decision was rendered on the motion to stay. On May 22, 1956 our opinion denying such motion was filed. See *Girard* v. *United States Rubber Co.*, 84 R. I. 230, 122 A.2d 747. In that opinion we held that the purpose of secs. 4 and 7 of article III, chapter 3297, public laws 1954, was "to prevent a losing party from staying the operation of such decree by the simple expedient of claiming an appeal to this court." At the same time we construed the language of those sections as not intending to preclude this court from exercising its power to grant a stay if in the opinion of the court circumstances warranted such action. Because we perceived no such circumstances in the case at bar we denied respondent's motion to stay.

The result of that decision places respondent in the position of not having complied with secs. 4 and 7 before filing its claim of appeal with the commission. The petitioner contends that such appeal was not properly taken and therefore should be dismissed. We are of the opinion that this position is well taken. By force of the statute, compliance with the decree of the full commission is, in the absence of a stay, a condition precedent to the right to *prosecute* an appeal therefrom to this court.

If an appellant has reasons which lead him to believe that this court, in the special circumstances of his case, would stay the operation of the decree and if he files a motion therefor he should nevertheless comply with the decree until a stay is actually granted. Prudence requires such caution if he would avoid the hazard of a loss of the right to prosecute his appeal in the event that his motion for a stay was denied.

In the case at bar respondent failed to exercise such prudence. As a result thereof and in view of our dismissal of its motion for a stay, it may not now prosecute its appeal to this court. Whether respondent may hereafter reinstate its appeal if it complies with the decree appealed from we do not inquire at this time.

The petitioner's motion is granted, the appeal is dismissed, and the cause is remanded to the workmen's compensation commission for further proceedings.

### On Motion for Reargument.
#### NOVEMBER 30, 1956.

Per Curiam. After our opinion granting the petitioner's motion to dismiss the appeal was filed, *Girard* v. *United States Rubber Co.*, 84 R. I. 319, 127 A.2d 242, the respondent asked and received permission to file a motion to reargue the case.

The motion sets forth the travel and alleges other pertinent facts and law which are relied upon to warrant a re-

instatement of the appeal for hearing on the merits. Among such allegations is the fact that respondent has made timely and full payment of all accrued compensation as a condition to the proper prosecution of the appeal in this court. A hearing on the motion was held at which counsel for each party submitted oral argument and thereupon the court reserved decision.

In our judgment the instant motion, although entitled a motion for reargument, actually in substance and effect seeks a reinstatement of the appeal for hearing on the merits. Consequently we have treated it as such a motion.

After further consideration we are of the opinion that in the circumstances of record the motion presents grounds to warrant the granting thereof. Accordingly, the respondent's appeal is hereby reinstated for hearing in this court on the merits, and the parties may assign it for such hearing to a day certain in accordance with the rules of practice.

Motion granted.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Ambrose W. Carroll,* for respondent.