BENJAMIN BERDITCH *vs.* JAMES HILL MANUFACTURING COMPANY.

SEPTEMBER 6, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

FLYNN, C. J.   This is an employee's petition for specific

compensation under article II, sec. 12, of the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. From the decree of the full workmen's compensation commission affirming the decree of a single commissioner granting the petition, the respondent employer prosecuted its appeal to this court. The case is before us on the petitioner employee's motion to dismiss such appeal.

The grounds of the motion, although four in number, are substantially to the effect that respondent has willfully failed to make payments of compensation as ordered by the decree of the full commission dated June 23, 1955 but has appealed therefrom, and that although in another proceeding respondent was adjudged to be in contempt for such failure it has not purged itself by making those payments but has appealed also from that decree. In opposing the motion to dismiss the appeal respondent does not dispute its failure to make the payments, nor has it sought a stay of the decree appealed from. But it contends that its appeal from the decree in question actually suspended its operation as a matter of law.

In our opinion the controlling question before us is one of statutory construction and application. The pertinent parts of P. L. 1954, chap. 3297, art. III, secs. 4 and 7 read as follows:

"Sec. 4. The decree entered by the workmen's compensation commission acting within its powers shall in the absence of fraud be final, and any appeal shall not stay the effect of said decree, and if benefits have been ordered to be paid, reduced, discontinued or suspended, the terms of the decree shall be followed until reversed by the supreme court, except that the effect of a decree of a single commissioner from which an appeal is taken to the full commission shall be stayed pending such appeal. * * *"

"Sec. 7. As hereinbefore provided the claim of appeal shall not suspend the operation of the decree appealed from, but, in case of default in taking the

procedure required, the workmen's compensation commission upon motion of any party may proceed as if no claim of appeal had been made, unless it be made to appear to the workmen's compensation commission that the default no longer exists."

The language of these sections is comprehensive and unambiguous. In such enactment the legislature used terms that make it applicable to all cases coming to this court on an appeal from a decree of the full commission ordering payment of compensation. The only exception under the act which grants a stay of the operation of a decree appealed from appears to be in these two sections and relates only to a decree of a single commissioner while it is pending on an appeal therefrom to the full commission. Significantly it does not provide a similar stay in the case of a decree of the full commission which is appealed to this court. In our opinion, therefore, no decree of the full commission ordering payments of compensation is automatically suspended or stayed as a matter of law by the mere expedient of filing an appeal. See *Girard* v. *United States Rubber Co.,* 84 R. I. 230, 122 A.2d 747.

But respondent stresses the contention that the *Girard* case, *supra,* was a petition for ordinary compensation, which is based on a loss of earning capacity, and therefore it should be distinguished from the instant petition for *specific* compensation, which is in the nature of damages. There is such a distinction as to the basis for those two forms of workmen's compensation. *Steele* v. *Darlington Fabrics Corp.,* 78 R. I. 272, 276; *Martinuzzi* v. *Capitol Marble & Tile Co.,* 79 R. I. 115, 117. Whether the legislature overlooked or intentionally disregarded this difference in providing for an appeal we do not know. In any event both are provided for *as forms of compensation* under the workmen's compensation act as amended. The respondent has pointed out no provision therein which either expressly or by necessary implication would except from the operation of secs. 4 and 7 an appeal from a decree of the full commission ordering

payment of specific compensation. In the absence of such a statutory exception, the decree in question is governed by secs. 4 and 7 and the operation of the decree was not suspended or stayed by the mere filing of the instant appeal. Whether the nature of specific compensation is such as to warrant a stay if applied for under *Girard* v. *United States Rubber Co., supra,* we do not decide, since no motion or other proceeding therefor was filed in this court.

The respondent further contends that P. L. 1954, chap. 3297, should not be applied retroactively, and that the instant case should be governed by the statute as it existed when the cause of action accrued, citing *Vick* v. *Aubin,* 73 R. I. 508, *Walsh* v. *C. J. Fox Co.,* 76 R. I. 345, and *Gomes* v. *John J. Orr & Son,* 78 R. I. 96. This contention overlooks the fact that none of the cited cases involved the effect of an appeal on the operation of a decree ordering payments of compensation. They concerned the meaning of the substantive law providing for compensation or fixing the amount thereof, and naturally they were governed by the statute as it existed at the time of the injury. Secondly, secs. 4 and 7 of chap. 3297 apparently were intended to be largely procedural and to govern all cases which at the time were not decided and would thereafter have to come before the workmen's compensation commission. In that sense it is prospective and there is no question of retroactive application.

Finally the respondent argues that if it is required to pay specific compensation immediately it cannot recover the payments even if it be successful on its appeal. Therefore it is contended that such a construction and application of the statute would render the appeal meaningless and would also bring into question the constitutionality of the statute itself.

As to the effect of requiring payments before the merits of the appeal are heard, the contention is not essentially different from a similar argument which was made to this

74

court and was rejected in *Girard* v. *United States Rubber Co.*, 84 R. I. 230, 122 A.2d 747, and *Girard* v. *United States Rubber Co.*, 84 R. I. 319, 127 A.2d 242. In any event, in view of the unequivocal and comprehensive language of secs. 4 and 7 of the statute, this contention is addressed more properly to the legislature as a matter of policy. It is not for this court to add by construction a specific exception to a statute where such addition is not necessary to effectuate the express provisions and declared purpose of the act.

The issue of constitutionality of P. L. 1954, chap. 3297, is not properly presented here. The respondent apparently included that ground in its reasons of appeal from another decree which held it in contempt for nonpayment, but that appeal is not now before us. Such ground is not included specifically in the reasons of appeal from the instant decree of the full commission awarding specific compensation. No motion or other proceeding to stay the operation of the decree appealed from because of special circumstances was filed in or granted by this court. In any event compliance with a decree of the commission until such a stay is actually granted is now required as a condition to the prosecution of an appeal to this court. *Girard* v. *United States Rubber Co.*, 84 R. I. 319. We are of the opinion that in the circumstances the issue of constitutionality may not be raised for the first time in this court in oral argument on a motion to dismiss the appeal where respondent admittedly has not made payments in accordance with the decree appealed from and has not sought and received a stay. *Girard* v. *United States Rubber Co., supra*. In the circumstances, therefore, we are constrained by respondent's failure to comply with the terms of the decree to grant petitioner's motion to dismiss the appeal. Whether or not respondent, by removing the default, may hereafter seek a reinstatement thereof we do not inquire at this time.

*Girard* v. *United States Rubber Co.,* 84 R. I. 319.

For this reason the petitioner's motion to dismiss the respondent's appeal is granted, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Michaelson & Stanzler, Julius C. Michaelson,* for petitioner.

*Higgins & McCabe,* for respondent.