DUANE A. BISHOP, SR. *vs.* CHAUVIN SPINNING COMPANY.

FEBRUARY 25, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an employee's original petition under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297, for compensation payments and medical and hospital expenses. From a decree of the workmen's compensation commission entered January 17, 1956 granting the petition, the respondent filed a claim of appeal to this court. Thereafter, since the respondent had failed to comply with the decree ordering payments of compensation and for medical and hospital expenses, the petitioner filed with the commission a motion for entry of judgment and issuance of execution thereon. He also filed a petition to adjudge respondent in contempt for its failure to comply with the terms of such decree. The respondent then filed a petition in this court to stay the decree until the appeal therefrom was determined. Thereupon the petitioner filed a motion to dismiss the respondent's appeal.

We entered an order assigning respondent's petition for a stay to a day certain for hearing thereon, staying the operation of the decree, and restraining the enforcement thereof until further order of this court. Thereafter the parties were heard fully on respondent's petition for a stay, on petitioner's motion to dismiss the appeal, and on the merits of the appeal.

We shall first consider respondent's petition for a stay wherein it contends that secs. 4 and 7 of art. III of the workmen's compensation act as amended are unconstitutional. We have already held that the legislature in enacting those sections was acting with respect to an appropriate subject matter and within its constitutional power, and that the pertinent provisions of such sections do not purport to limit or challenge the authority of this court with regard to staying the effect of a decree of the commission. *Girard* v. *United States Rubber Co.*, 84 R. I. 230, 122 A.2d 747. In the same case we also held that conceivably circumstances of such a nature might arise as would move us, for substantial

reasons, to exercise our power to stay a decree of the commission.

After a careful consideration of the record and argument in the instant case, we are now of the opinion that no such circumstances have been shown to warrant the exercise of our power to further stay the operation of the decree in question. In view of this and other conclusions hereinafter set forth, we are of the opinion that respondent's other contentions, to the effect that the commission is without power to enter a judgment and execution and that sec. 12 of art. III of the compensation act is unconstitutional, are not properly before us at this time.

The petitioner also contends that respondent's appeal was not taken in compliance with secs. 4 and 7 of art. III of the act; that respondent has not complied with the terms of the decree entered by the commission ordering payments as aforesaid; and that therefore the appeal should be dismissed. We have held that by the terms of said secs. 4 and 7 of the act compliance with the decree of the full commission is a condition precedent to the right to *prosecute* an appeal therefrom to this court. We have also held that if an appellant, who has reason to believe that in the special circumstances of his case this court should stay the operation of the decree, files a timely motion therefor, he should nevertheless comply with the decree until a stay is actually granted. *Girard* v. *United States Rubber Co.*, 84 R. I. 319, 127 A.2d 242.

While a temporary stay of the operation of the decree was here requested and granted, it now appears after a full hearing that respondent had not complied with the terms of the decree up to the time the petition for a stay was actually filed and granted. Being in such default, therefore, the appeal was not properly prosecuted under *Girard* v. *United States Rubber Co.*, 84 R. I. 319, 127 A.2d 242. Since we have herein denied the petition for a further stay of the decree in question, we must grant the petitioner's motion

to dismiss the appeal. Whether or not by removing the default the respondent may hereafter seek a reinstatement of its appeal on the merits we do not inquire at this time. See *Girard* v. *United States Rubber Co.*, 84 R. I. 319, 127 A.2d 242.

The respondent's petition for a stay of the operation of the decree is denied, the petitioner's motion to dismiss the appeal therefrom is granted, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.