ANGELO PARDI *vs.* E. TURGEON CONSTRUCTION COMPANY,
INC.

JANUARY 26, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition to adjudge the respondent in contempt for discontinuing partial disability compensation payments to the petitioner. The case is here on the respondent's appeal from a decree of the workmen's compensation commission adjudging it in contempt. By said decree the respondent was ordered in order No. 1 thereof "to pay to the petitioner weekly compensation at the rate of $18.00 per week, commencing as of April 16, 1959 and continuing until the petitioner is no longer incapacitated for work as a result of his injuries or until eight hundred (800) weeks have elapsed from the date of the injuries."

Under its first, second and fourth reasons of appeal respondent contends that such order is erroneous, that the findings of fact contained in the decree and the decree itself are contrary to law, and that the decree does not do substantial justice to the respondent. However, its principal contention in support of such reasons is that the commission's decision and decree are based upon an erroneous construction of public laws 1942, chapter 1246, which amended general laws 1938, chap. 300, article II, §§10 and 11. The provisions of those sections were in force at the time petitioner was injured and furnished the basis for computing his weekly compensation and the maximum amount thereof.

The pertinent portion of sec. 10 reads as follows: "While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to 60% of his average weekly wages, earnings or salary, but not more than $20.00 nor less than $12.00

a week and in no case shall the period covered by such compensation be greater than 1,000 weeks from the date of the injury nor the amount more than $12,000.00."

Section 11 reads: "While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than $18.00 a week; and in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."

The facts are as follows. The petitioner was injured on October 15, 1946. Thereafter he entered into a preliminary agreement with respondent whereby he received compensation in the amount of $20 per week for total incapacity from October 16, 1946 to March 28, 1949, or a total of $2,-556. On March 29, 1949 the agreement was modified by a decree of the superior court to provide compensation of $18 per week for partial incapacity. From that date until April 16, 1959 in accordance with such decree respondent paid petitioner $9,444. Such payments together with the sum of $2,556 paid for total incapacity thus amounted to $12,000. The respondent construed secs. 10 and 11 as limiting its liability to such amount and accordingly notified petitioner that it would make no further payments.

The petitioner contends that this is an erroneous construction and that the decree of the commission was correct in adjudging respondent in contempt for discontinuing payments in violation of the terms of the decree of the superior court. This contention is based upon a literal construction of secs. 10 and 11. The petitioner argues that the language of each section is clear and that each is to be read independently of the other. In making such contention he points out that the legislature did not intend that there should be any "intermingling of the two sections." On

the contrary it expressly provided a limitation of $12,000 in sec. 10 and made no similar provision in sec. 11.

The respondent contends that the two sections should be read together, at least to the extent of incorporating by implication in sec. 11 the limitation of $12,000 in sec. 10. Such a construction would thus avoid possible inequities that could well result from allowing partial disability payments to run without such limitation and exceed maximum compensation for total incapacity.

If this court were legislating there would be some merit in that contention, or if we were concerned with the application of a rule of the common law to new conditions there would be room for the exercise of the judicial process to modify or reformulate the rule to fit such conditions in the interest of justice. But here we are dealing with a statute providing rights and remedies unknown to the common law which were conceived and enacted by the legislature. In the exercise of their exclusive power over the legislative process they have created the right to workmen's compensation and have expressly prescribed how and to what extent an injured workman should be entitled to such compensation. In two separate sections they have dealt with compensation for total incapacity and for partial incapacity and in their wisdom have prescribed for each a different formula for computing compensation. In sec. 10 they have fixed an arbitrary monetary limit of $12,000. In sec. 11 they have prescribed no limit.

The legislative language is clear and unambiguous. In such circumstances, as we have said so often, there is no room for judicial construction. *United States Rubber Co.* v. *Dymek*, 87 R. I. 310, 140 A.2d 507; *United Transit Co.* v. *Hawksley*, 86 R. I. 53, 133 A.2d 132; *Allen* v. *State Board of Veterinarians*, 72 R. I. 372; *State* v. *Patriarca*, 71 R. I. 151; *Bloomfield* v. *Brown*, 67 R. I. 452; *Hathaway* v. *Hathaway*, 52 R. I. 39; *Smith* v. *Soucy*, 46 R. I. 417; *Blais* v. *Franklin*, 31 R. I. 95.

The petitioner has called to our attention the treatment which the legislature has given to these sections in subsequent amendments in order to buttress his argument that they did not intend what respondent is contending here. We need not discuss the effect of such amendments because the case at bar must be decided by the sections as they stood at the time of petitioner's injury and according to the intent of the legislature as expressed in the language of the sections at that time. We are of the opinion that the language of sec. 11 leaves no room for us to construe it as containing by implication a limitation of $12,000. Therefore there is no merit in the first, second and fourth reasons of appeal upon which respondent bases this contention.

However, we are of the opinion that there is merit in the respondent's contention under its third reason of appeal that the decree appealed from does not do substantial justice in that it appears to require the respondent to continue to pay the petitioner $18 a week even though his incapacity increases to total or diminishes. The decree should be modified to provide that the respondent shall resume payments in accordance with the decree of the superior court and hereafter continue the same until further order of the commission or until such payments are completed in accordance with the provisions of sec. 11.

The respondent's third reason of appeal is sustained, and the decree appealed from is reversed to the extent above indicated. On February 1, 1960 the parties may present for our approval a new decree, modified in accordance with this opinion, for entry by the workmen's compensation commission.

*Charles H. Anderson,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.