ROMEO D. NOEL *vs.* BROWN & SHARPE MANUFACTURING COMPANY.

MARCH 2, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J.  This is an employee's petition to adjudge the respondent employer in contempt for failure to pay total compensation as provided in the terms of a decree entered February 18, 1960.  The cause was heard before a single commissioner who entered a decree denying and dismissing the petition.  On appeal therefrom the full commission affirmed the decree of the single commissioner and the petitioner has duly prosecuted his appeal to this court.

It is agreed between the parties that the facts are not in dispute.  The record establishes that petitioner while in the employ of respondent sustained a compensable injury on February 13, 1945.  A preliminary agreement was entered on February 26, 1945 by the terms of which respondent agreed to compensate petitioner at the rate of $20 weekly for total incapacity.

Except for a period of two weeks in the summer of 1945 petitioner continued to receive compensation either for total or partial incapacity pursuant to appropriate decrees.  The last decree, entered February 18, 1960, adjudged petitioner to have been totally incapacitated since October 10, 1958

and ordered respondent to pay petitioner compensation therefor at the rate of $20 weekly from said date until further order of the commission. On April 13, 1960, respondent's insurance carrier wrote to petitioner enclosing payment from October 10, 1958 to October 5, 1959. An accompanying letter explained that with such payment petitioner had been paid the total amount of compensation due under the provisions of P. L. 1942, chap. 1246.

The pertinent sections thereof are as follows:

"Sec. 10. While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to 60% of his average weekly wages, earnings or salary, but not more than $20.00 nor less than $12.00 a week and in no case shall the period covered by such compensation be greater than 1,000 weeks from the date of the injury nor the amount more than $12,000.00. In the following cases it shall for the purpose of this section be conclusively presumed that the injury resulted in permanent total disability, to wit; (a) the total and irrecoverable loss of sight in both eyes or the reduction to one-tenth or less of normal vision with glasses, (b) the loss of both feet at or above the ankle, (c) the loss of both hands at or above the wrist, (d) the loss of one hand and one foot, (e) an injury to the spine resulting in permanent and complete paralysis of the legs or arms, and (f) an injury to the skull resulting in incurable imbecility or insanity."

"Sec. 11. While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than $18.00 a week; and in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."

The record further establishes that with the payment to October 5, 1959, petitioner had received a total of $12,000.

This total was comprised of 493 3/5 weeks at $20 weekly for total compensation amounting to $9,877.32, and 268 weeks at varying rates for partial incapacity amounting to $2,122.68.

On October 17, 1960, a petition was filed to adjudge respondent in contempt. A hearing thereon was had in part on November 14 and concluded on December 5, 1960, and the single commissioner found as a fact that respondent had paid to petitioner all compensation benefits to which he was entitled.

In support of his appeal, petitioner assigned two reasons of appeal but is pressing only one, namely, that the commission erred as a matter of law in combining compensation payments under secs. 10 and 11, *supra,* so as to find that petitioner had received maximum benefits for total disability.

The petitioner contends that in *Pardi* v. *E. Turgeon Construction Co.,* 90 R. I. 269, 157 A. 2d 677, this court held that compensation received for partial incapacity pursuant to the provisions of sec. 11 was not limited to the maximum of $12,000 as provided in sec. 10; that the legislature in its wisdom had made separate provisions for compensation to be paid for total incapacity and for partial incapacity; and that the language employed by the legislature is clear and unambiguous, leaving no room for judicial construction.

He argues that if compensation for partial incapacity ordered pursuant to sec. 11 may be included in determining that the maximum of $12,000 has been reached where, as in the instant case, the outstanding decree covered compensation for total incapacity under sec. 10, this court will by judicial construction deprive petitioner of the benefits intended by the legislature. There is merit in this contention.

In considering the provisions of the two sections in issue, it is to be remembered that the legislature was providing for benefits and separated the benefit provisions applicable

to total incapacity on the one hand and partial incapacity on the other. The clear import of sec. 10 is to give to a totally incapacitated employee *such* compensation up to the limit of $12,000. On the facts of the case before us petitioner has received a total of $9,877.32 for total incapacity and by the terms of the decree entered February 18, 1960, remains totally incapacitated and entitled to compensation for total incapacity until the $12,000 maximum has been reached, or until modification of said decree in appropriate proceedings. Any other construction would require judicial repeal of the separation policy adopted by the legislature.

The respondent contends, as we understand it, that the decision of this court in *Pardi* v. *E. Turgeon Construction Co.*, *supra*, is not applicable in the instant case for the reason that petitioner here was receiving compensation for total incapacity at the time when $12,000 had been paid, whereas in *Pardi* v. *E. Turgeon Construction Co.*, *supra*, the petitioner was receiving compensation for partial incapacity.

The employee Pardi had received some $2,000 for total incapacity when pursuant to a decree of the superior court, incapacity being found to have diminished, an order was entered fixing compensation for partial incapacity. It was by combining total and partial compensation totaling $12,-000 that the respondent there attempted to incorporate by implication the limitation contained in sec. 10 on the amount of compensation payable under sec. 11. Such payments are made pursuant to sec. 11 and cannot be computed so as to deprive a totally incapacitated worker of the benefits conferred by sec. 10 any more than the limit of compensation contained therein can be applied to cut short the period of 800 weeks to which a partially incapacitated worker is entitled pursuant to the provisions of sec. 11.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission with direction to enter a

new decree in accordance with this opinion and for further proceedings.

*Philip W. Noel,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.