207 A.2d 387

WOLODYMYR KOSTIV *vs.* JOHN FEDOROWICZ *d.b.a.*
CROMPTON HATCHERY.

MARCH 3, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is an employee's petition to adjudge the respondent employer in contempt for discontinuing com-

pensation payments. The case is here on the employee's appeal from a decree of the full commission affirming a decree of a single commissioner denying and dismissing the petition.

The petitioner sustained a compensable injury on January 10, 1953 and, pursuant first to a preliminary and then to a supplementary agreement, received compensation payments for total incapacity from January 12, 1953 to February 1, 1953 and from March 2, 1953 until late in 1958. Thereafter upon the employer's petition to review, a single commissioner found that the employee was partially rather than totally incapacitated and that he had made a bona fide though unsuccessful attempt to obtain suitable work. A decree was then entered on March 11, 1959 directing the employer to pay "total compensation in accordance with the outstanding preliminary [supplemental] agreement." On September 25, 1962 the aggregate of all payments made to petitioner was $14,000 and he was notified by respondent that no further payments would be made. Thereupon this petition was brought.

The respondent looks to G. L. 1938, chap. 300, art. II, §10, as amended by P. L. 1949, chap. 2269, as justification for the discontinuance of payments. That section was in force at the time petitioner was injured and furnishes the basis for determining the amount of his weekly compensation for total incapacity as well as the maximum amount thereof. In pertinent part it reads as follows:

> "While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to 60% of his average weekly wages, earnings or salary, but not more than $28.00 nor less than $15.00 a week and in no case shall the period covered by such compensation be greater than 1,000 weeks from the date of the injury nor the amount more than $14,000.00."

The petitioner relying on *Pardi* v. *E. Turgeon Construc-*

*tion Co.,* 90 R. I. 269, and *Noel* v. *Brown & Sharpe Mfg. Co.,* 94 R. I. 102, 178 A.2d 126, argues that payments received by him while partially disabled should not be combined with those received while totally incapacitated in determining whether the statutory maximum of $14,000 has been reached. Those cases are not applicable, however, for the reason that we were not there concerned, as we are here, with whether compensation payments made pursuant to the second proviso of G. L. 1956, §28-33-18, qualify for inclusion in the computation of the maximum payable for total incapacity. That proviso was enacted as a part of P. L. 1956, chap. 3784, in amendment of G. L. 1938, chap. 300, art. II, §11, and reads as follows:

> "* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, *then said employee shall receive as weekly compensation the amount payable for total incapacity.*

> "In the event partial compensation is paid, in no case shall the period covered by such compensation be greater than eight hundred (800) weeks from the date of injury." (italics ours)

Prior to the 1956 amendment, the second proviso of sec. 11, as amended by P. L. 1954, chap. 3297, art. II, provided:

> "* * * that where a partially incapacitated employee has been reemployed at suitable employment by the employer in whose employ he sustained the injury to which the partial incapacity is attributable and such employer discharges him, for his refusal to perform work of which he is physically incapable, without offering him other suitable work within his physical capacity, and the said employee has attempted without success to obtain the kind of work he is able to do, *then said employee shall receive as weekly compensation the*

*maximum for partial incapacity, and in no case shall
the period covered by such compensation be greater
than 800 weeks from the date of the injury."* (italics
ours)

As a result of the 1956 amendment a partially incapacitated employee unable to find suitable employment with
his employer or elsewhere whose weekly compensation had
theretofore been limited to the maximum for partial incapacity became entitled to be compensated as though he were
totally disabled. In addition, the provision fixing the period for which compensation for partial incapacity might
be paid was separately paragraphed and its application was
limited to those receiving partial compensation.

Those changes are significant. The legislative concern
was for a class of employees who were unable to obtain
suitable employment. In *Imperial Knife Co.* v. *Gonsalves,*
86 R. I. 68, we held that the 1956 amendment neither increased nor diminished the amount of compensation payable
to an employee in that class, but rather worked a procedural
change whereby such a worker became entitled to be compensated in the same manner and to the same extent as if
he were totally disabled. Employees qualifying under the
second proviso, we said in *Berry Hill Corp.* v. *Flynn,* 86 R. I.
224. and in *Beaudry* v. *United States Rubber Co.,* 88 R. I.
162, receive total compensation.

The rationale of those cases makes clear the meaning of
the limitation provision in its amended form. Prior to the
1956 amendment the only kind of compensation payable
under sec. 11 was partial; subsequent to its enactment either
partial or total compensation became payable thereunder.
By the addition of the words "In the event partial compensation is paid," the application of the 800-week limitation
was limited to receipts of "partial compensation," and the
test as to what is partial compensation became the nature
of the weekly benefit rather than the extent of incapacity.

As to one like the petitioner who received total compen-

sation for both partial and total incapacity, the limitation provision is found in sec. 10, rather than §28-33-18. A different conclusion would produce the incongruous result of imputing to the legislature an intention to treat the petitioner during the period he is unable to find suitable employment as if totally incapacitated for the purpose of fixing the rate of his compensation and as partially incapacitated for the purpose of determining the extent of the period for which those benefits are payable. The legislative intention is otherwise and the petitioner is both benefited and burdened as though his incapacity were total. The statutory limitation of $14,000 is applicable and the petition must be denied.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

MOTION FOR REARGUMENT.

MARCH 18, 1965.

PER CURIAM. After our opinion in the above cause was filed, the petitioner by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which he bases his contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Orist D. Chaharyn,* for petitioner.

*Matthew E. Ward,* for respondent.