210 A.2d 648.

Benny Ludovici *vs*. American Screw Company *et al*.

JUNE 3, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Paolino, J. This is a petition to adjudge the respondents in contempt for discontinuing partial disability compensation payments to the petitioner. After a hearing before the trial commissioner upon an agreed statement of facts, a decree was entered denying and dismissing the petition. The case is here on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

The following is the agreed statement of facts.

"Petitioner was injured on October 8, 1948, in the course of his employment with American Screw Company. Thereafter, he received compensation payments from the employer's carrier, American Mutual Liability Insurance Company as follows:

"Total compensation at the rate of $20.00 per week for seventeen (17) weeks and three (3) days from October 22, 1948 through February 22, 1949; partial compensation at the rate of $18.00 per week for 783 weeks from February 23, 1949 through February 25, 1964, at which time the insurer discontinued the payment of compensation. Petitioner continues to be partially disabled at this time. Petitioner has received partial and total compensation for a combined period of 800 weeks and 3 days, of which said period partial compensation has been received for 783 weeks."

It is undisputed that such of petitioner's rights as we are here concerned with are governed by the law in force on the date of his injury. See *Kostiv* v. *Fedorowicz*, 99 R. I. 343, 207 A.2d 387, and *Vick* v. *Aubin*, 73 R. I. 508. The applicable section of the workmen's compensation act as amended by P. L. 1942, chap. 1246, reads as follows:

"Sec. 11. While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter but not more than $18.00 a week; and in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."

Having paid weekly compensation benefits for a period of over 800 weeks from the date of the injury, respondents discontinued payments in reliance on that portion of sec. 11 which provides that *"in no case shall the period covered by such compensation be greater than 800 weeks from the date of the injury."* (italics ours)

The petitioner contends here, as he did before the commission, that the word "injury" as used in sec. 11 does not mean the original incident or accident which caused the incapacity for work, but rather that it means the time when the employee's status changes from total incapacity for work to partial incapacity for work. Premised on such meaning, he contends that the 800-week period prescribed in the statute starts to run when such partial incapacity commences. He cites *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215, *Larkin* v. *George A. Fuller Co.*, 76 R. I. 395, and *Noel* v. *Brown & Sharpe Mfg. Co.*, 94 R. I. 102, 178 A.2d 126, to support his position. He argues further that to construe the 800-week period for partial compensation to commence at the same time as total incapacity begins, is to conclude that the right to partial incapacity benefits may expire before they begin.

We have reexamined the cases cited by petitioner and have carefully considered the arguments advanced by him in his reasons of appeal. We find that in the circumstances here *Rosa, Larkin* and *Noel, supra,* do not help him. The case at bar is controlled by statutory language which is clear and unambiguous and therefore requires no judicial construction. *Pardi* v. *E. Turgeon Construction Co.,* 90 R. I. 269, 272.

We hold that as used in sec. 11 the word "injury" means incapacity for work. *Santilli* v. *Original Bradford Soap Works, Inc.,* 85 R. I. 305, 313. The phrase "from the date of the injury" means that the controlling date for the purpose of determining the commencement of the 800-week period mentioned in sec. 11 is the date upon which the employee first became entitled to compensation. Such date in accordance with our well-settled law in this state is the date on which the employee became incapacitated for work. If the legislature had intended otherwise, as petitioner contends, it could have easily expressed such an intention by

appropriate language. Moreover if sec. 11 were construed to have the meaning which petitioner contends it has, the phrase "from the date of the injury" would have no significance and would be mere surplusage. The wisdom of the legislation is not for us to pass upon.

The result which we reach in this case finds support in *Plouffe* v. *Taft-Peirce Mfg. Co.,* 91 R. I. 221, 224, where the court said:

> "This language, which has been repeated in the amendment extending the period for 800 weeks, is clear and unequivocal. It places a numerical limitation on the number of weeks in which an employee is entitled to benefits, which number being calculable from the date of the injury is subject to objective determination by the employer or the employee. It follows that by force of the provision itself any obligation imposed on an employer by virtue of this section ceases and determines upon the expiration of the stated period without regard to any action of the parties, and consequently resort to the commission for affirmative relief is not *mandatory.* As was done in the instant case, the employer may unilaterally determine that the statutory maximum period has expired and accordingly terminate payments. However, in doing so he must be prepared to establish this fact before the commission in the event of a contrary claim being pressed by the employee."

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson, Richard A. Skolnik,* for petitioner.

*Vincent J. Chisholm,* for respondents.