341 A.2d 33.

DAVID F. PARKINSON *vs.* LEESONA CORPORATION.

JULY 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an appeal from a decree of the full Workmen's Compensation Commission sustaining a decree entered by a trial commissioner in which he found that the compensation rate set forth in a preliminary agreement between the parties was erroneous.

The record discloses that petitioner sustained a twisted right knee on May 9, 1969, while in the course of his employment with respondent. The petitioner suffered no incapacity for work until March 28, 1972, when he became totally incapacitated from a back injury caused by a fall which occurred when his twisted right knee gave way.

The parties entered into a preliminary agreement dated April 13, 1972, providing for compensation to be paid during the period of total disability at the rate of $45.00 weekly based on an average weekly wage of $156.30. The agreement was approved by the Workmen's Compensation Division of the Department of Labor. Subsequent to the injury, but prior to the disability arising therefrom, the Workmen's Compensation Act was amended by P. L. 1969, ch. 148, §1, which increased the compensation rate to be paid injured employees.

On March 27, 1973, petitioner filed a petition to review (W.C.C. No. 73-0451) alleging that the compensation rate

stated in the preliminary agreement was erroneous. On May 10, 1973, petitioner filed an original petition for compensation benefits (W.C.C. No. 73-0646) alleging that compensation· was being paid at an erroneous rate.

The petitions were heard together, and in W.C.C. No. 73-0646 the trial commissioner found that the compensation rate was erroneous and should be increased. In W.C.C. No. 73-0451, the trial commissioner denied and dismissed the petition in view of the decision in W.C.C. No. 73-0646. The respondent filed an appeal to the full commission in W.C.C. No. 73-0646, and the petitioner filed an appeal to the full commission in W.C.C. No. 73-0451.

The full commission consolidated the appeals, and after a hearing entered a decree affirming the findings and orders of the trial commissioner in each case. The respondent mistakenly filed an appeal to this court from the decree of the full commission in W.C.C. No. 73-0451 but filed no appeal in W.C.C. No. 73-0646.

The respondent subsequently filed a motion requesting that W.C.C. No. 73-0646 be forwarded to the court and be allowed to become part of respondent's appeal in the instant case. We granted respondent's motion without prejudice to the right of petitioner to renew his objections at the hearing on the merits.

The petitioner, renewing his objections to respondent's motion, has briefed his arguments but has not presented any persuasive reasons why respondent's motion should not be granted. We, therefore, hold that W.C.C. No. 73-0646 is properly before us and will be considered as part of respondent's appeal.

The sole question raised by respondent on appeal is whether the full commission erred in deciding that the compensation rate should be fixed at the time of incapacity of petitioner rather than at the time of the injury.

The statutory provisions involved in the determination of the question are General Laws 1956 (1968 Reenactment) §§28-33-1 and 28-33-17. They read as follows:

"§28-33-1. *Employees entitled to compensation.*—If an employee who has not given notice of his claim of common law rights of action, or who has given such notice and has waived the same, as provided in §28-29-19, receives a personal injury arising out of and in the course of his employment, connected therewith and referable thereto, he shall be paid compensation, as hereinafter provided, by an employer subject or who shall have elected to become subject to the provisions of chapters 29 to 38, inclusive, of this title."

"§28-33-17. *Weekly compensation for total incapacity—Permanent total disability.*— While the incapacity for work resulting from the injury is total and the injured employee is receiving benefits under the Rhode Island temporary disability insurance act, the employer shall pay the injured employee a weekly compensation equal to sixty-six and two thirds per cent (66 2/3%) of his average weekly wages, earnings or salary, but not more than forty-five dollars ($45.00) nor less than twenty dollars ($20.00) a week; provided, however, that when the injured employee is either not entitled to any benefits under the Rhode Island temporary disability act or has exhausted his rights to benefits under the Rhode Island temporary disability act and while the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to sixty-six and two thirds per cent (66 2/3%) of his average weekly wages, earnings or salary, but not more than fifty ($50.00) nor less than twenty-five ($25.00) dollars a week and in no case shall the period covered by such compensation be greater than one thousand (1,000) weeks from the date of the injury nor the amount more than sixteen thousand dollars ($16,000). In the following cases it shall for the purpose of this section be conclusively presumed that the injury resulted in permanent total disability, to wit; (a) the total and irrecoverable loss of sight in both eyes or the reduction to one-tenth (1/10) or

less of normal vision with glasses, (b) the loss of both feet at or above the ankle, (c) the loss of both hands at or above the wrist, (d) the loss of one (1) hand and one (1) foot, (e) an injury to the spine resulting in permanent and complete paralysis of the legs or arms and (f) an injury to the skull resulting in incurable imbecility or insanity."

Section 28-33-17 was amended by P. L. 1969, ch. 148, §1 after the injury but before the disability, and as amended it provides in pertinent part as follows:

"28-33-17. *Weekly compensation for total incapacity — Permanent total disability — Dependents' allowances.*—While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to sixty-six and two-thirds (66 2/3%) per cent of his average weekly wages, earnings, or salary, but not more than sixty (60%) per cent of the average weekly wage of individuals in covered employment under the provisions of the Rhode Island 'employment security act' as computed and established by the Rhode Island department of employment security, annually, on or before May 31 of each year, under the provisions of section 28-44-6(b) of this title, provided, however, that in no event shall such maximum weekly rate determined as sixty (60%) per cent of the average weekly wage as computed under the provisions of 28-44-6(b) be less than seventy ($70.00) dollars and, provided, further, that the minimum weekly compensation shall not be less than thirty ($30.00) dollars, provided, however, in the instance of part-time employees who work for one employer only in no case shall the weekly compensation rate for total disability exceed the average weekly wage earned as computed in 28-33-20, or the minimum rate for total disability compensation, whichever is less, and in no case shall the period covered by such compensation be greater than five hundred (500) weeks from the date of the injury nor the amount more than thirty-two thousand five hundred ($32,500.00) dollars.

"Such average weekly wage computed and established under 28-44-6(b) shall be applicable to injured

employees whose injury occurred on or after September 1 of such year and shall be applicable for the full period during which compensation is payable."

The respondent argues that since the statute refers to "date of injury" and makes no reference to "date of incapacity", it indicates that the date of injury should be determinative of the compensation rate. The respondent therefore concludes that the full commission erred in deciding that the compensation rate should be fixed at the time of the incapacity of petitioner.

The respondent in his brief has directed our attention to the cases of *Berditch* v. *James Hill Mfg. Co.*, 85 R. I. 69, 125 A.2d 204 (1956); *Gomes* v. *John J. Orr & Son*, 78 R. I. 96, 79 A.2d 618 (1951), and *Vick* v. *Aubin*, 73 R. I. 508, 58 A.2d 109 (1948). We have examined these cases, and after carefully considering respondent's arguments, we find that *Berditch, Gomes* and *Vick* are of no assistance to respondent's position.

We have often stated that compensation is not awarded for disability as such, but for impairment of earning capacity. *Microfin Corp.* v. *De Lisi*, 111 R. I. 703, 306 A.2d 797 (1973); *Peloso, Inc.* v. *Peloso*, 103 R. I. 294, 237 A.2d 320 (1968); *Best Plastics, Inc.* v. *Grilli*, 101 R. I. 32, 219 A.2d 913 (1966). This court has also held that if there has not been a diminution of earning capacity, a worker may not receive workmen's compensation benefits even though he has a permanent and lingering injury. *Geigy Chemical Corp.* v. *Zuckerman*, 106 R. I. 534, 261 A.2d 844 (1970); *Ucci* v. *Hathaway Bakeries, Inc.*, 75 R. I. 341, 66 A.2d 433 (1949); *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, 95 A. 603 (1915).

While we have never construed the phrase "date of injury" as it is used in §28-33-17, the total incapacity section of the Workmen's Compensation Act, we have defined the term as it appears in other sections of the statute.

In *Ludovici* v. *American Screw Co.*, 99 R. I. 747, 210 A.2d 648 (1965), a case involving what is now §28-33-18, the partial incapacity section of the Act, this court held that the word "injury" means incapacity for work and that the phrase "from the date of the injury" means that the controlling date in computing the maximum period of 800 weeks mentioned in the Act is the date upon which the employee first became entitled to compensation. This date is the date on which the employee became incapacitated for work. *Id.* at 749, 210 A.2d at 650.

In construing §28-33-19, the section of the Act concerning compensation for specific injuries, we held that a right to specific compensation accrues when one of the statutory conditions occurs or is manifested, and that it is the average weekly earnings then being received, rather than what might have been paid at the time of the original injury, which controls the award of specific benefits. *Fontaine* v. *Gorfine*, 105 R. I. 174, 250 A.2d 361 (1969); *Sherry* v. *Crescent Co.*, 101 R. I. 703, 226 A.2d 819 (1967). Likewise in *Romano* v. *B. B. Greenberg Co.*, 108 R. I. 132, 273 A.2d 315 (1971), a case concerned with retroactivity of amendments to the Workmen's Compensation Act (§28-33-20), we stated that an injured worker's right to compensation and the determination of the rate of compensation to be paid him are controlled by the statutory provisions in effect at the time he became incapacitated.

We are unable to perceive any reason why §28-33-17 should be treated any differently from §§28-33-18 or 28-33-19. Since an employee is not entitled to compensation benefits until there exists an incapacity for work which impairs the wage earning capacity, the time of injury for the purpose of §28-33-17 should not be the time of trauma but rather the time at which the incapacity manifests itself, which in many cases may be months or even years after the accident. Further, we are unable to perceive

any reason why the reasoning in the instant case relating to total incapacity should differ from that employed in cases where partial incapacity was involved.

We hold, therefore, that in §28-33-17 the word "injury" means incapacity to work and that the phrase "from the date of injury" means the actual date upon which the employee first became entitled to compensation.

The respondent's appeal is denied and dismissed, the decrees appealed from are affirmed, and the case is remanded to the Workmen's Compensation Commission for further proceedings.

*Vincent J. Chisholm,* for petitioner.

*Thomas J. Hogan, Robert W. Lovegreen,* for respondent.