Dionisi SHOLA

v.

DWORKIN CONSTRUCTION CO.

Dionisi SHOLA

v.

DiMEO CONSTRUCTION CO.

Nos. 81–552–Appeal, 83–249–M.P.

Supreme Court of Rhode Island.

May 10, 1984.

Vincent J. Chisholm, Howard L. Feldman, John R. Cosentino, Providence, for plaintiff.

Robert K. Argentieri, George E. Healy, Jr., Healy & Chiulli, Providence, for defendants.

OPINION

SHEA, Justice.

These cases are before the court on a consolidated appeal seeking review of the Workers' Compensation Commission decisions that determined the liability between two employers for a single injury sustained by the plaintiff. It is alleged that the commission misconceived the evidence regarding the plaintiff's date of incapacity. We agree.

On September 18, 1979, Dionisi Shola was working for DiMeo Construction Co. as a carpenter. While stripping forms, he injured his right elbow. He received medical attention for this injury. On or about October 19, 1979, Shola left DiMeo's employ and went to work on a pile-driving crew for a week. Shola then obtained a carpenter's job with Dworkin Construction Co. a short time later through a union referral. He was unable to continue working for Dworkin on November 14, 1979, because of the elbow injury he sustained while working for DiMeo. He claims disability as of this date.

Shola filed petitions for workers' compensation against both Dworkin and DiMeo. The cases were consolidated and heard before a trial commissioner of the Workers' Compensation Commission since they alleged the same injury and date of incapacity.

At the hearing, Shola at first testified that November 14, 1979, was the first day he lost any time from work because of the injury. The office manager at DiMeo, however, produced work sheets that indicated otherwise. The records show that Shola did not report to work on October 4, 5, 9, 10, and 11, 1979. On re-direct-examination Shola testified that on the days he was listed as absent, he was in fact unable to work because of his elbow injury.

The trial commissioner held DiMeo liable for Shola's compensation for partial incapacity from November 14, 1979. The petition against Dworkin was denied and dismissed.

Both DiMeo and Shola appealed the trial commissioner's rulings that were adverse to each. The appellate commission reversed the trial commissioner's rulings and sustained both appeals. It made the following pertinent findings of fact:

"1. The petitioner sustained a personal injury to his right elbow on September 18, 1979, which injury arose out of and in the course of his employment with the old employer, DiMeo.

2. The incapacity from the said injury commenced on November 14, 1979."

The appellate commission further stated that "the undisputed testimony clearly shows that the petitioner continued working up until the time he worked for Dworkin Construction." Applying the rule enunciated by this court in *Brown v. Hope Service Station, Inc.*, R.I., 403 A.2d 1387 (1979), the commission held that "the date of incapacity controls in paying of compensation." It found that Shola became incapacitated on November 14, 1979, and therefore held Dworkin liable for the payment of compensation.

Dworkin filed an appeal to this court. Shola failed to file a timely appeal of the commission's order dismissing his petition against DiMeo. He later filed a petition for a writ of certiorari, requesting that this court review the denial of his claim against DiMeo in conjunction with Dworkin's appeal. We ordered the writ of certiorari to issue so that we could both consider Shola's appeal from the decree of the trial commissioner and have all matters pertaining to Shola's petitions for compensation before the court. The two cases were consolidated for briefing and hearing.

The issues presented are whether the date of injury or the date of incapacity should govern the payment of compensation and whether the commission properly applied the standard to the facts presented.

■ Coverage under the Workers' Compensation Act is invoked by the impairment of the employee's earning capacity rather than by the injury that caused the impairment. *Parkinson v. Leesona Corp.*, 115 R.I. 120, 125, 341 A.2d 33, 36 (1975). In *Brown v. Hope Service Station, Inc.*, 403 A.2d at 1388, this court held that the date used to determine which insurer should pay compensation for the loss of earning capacity is the date of incapacity, not the date of injury. Although that case dealt with the liability of the same employer but a subsequent insurance company, the rationale of that case would apply equally to subsequent employers.

To determine the date Shola became incapacitated, G.L. 1956 (1979 Reenactment) § 28–33–4 is applicable. This section provides in pertinent part:

"No compensation * * * shall be paid under chapters 29 to 38, inclusive, of this title for any injury which does not incapacitate the employee for a period of at least three (3) days from earning full wages, but, if such incapacity extend beyond the period of three (3) days, compensation shall begin on the fourth day from the date of injury * * *."

In construing § 28–33–4, this court specifically stated that in calculating the three-day waiting period,

> "[t]he only criterion to be applied is whether on a given day the employee's earning capacity has been impaired by reason of a work-related injury. If so, it is a day to be included in the calculation of the waiting period, and once the impairment has lasted for three consecutive days, the employee is entitled to benefits from the fourth day on, no matter whether the waiting period fortuitously embraces a holiday or any other day on which an employee would not normally be expected to work." *Morgan v. Davol, Inc.*, R.I., 458 A.2d 1082, 1083 (1983).

■ The commission found that "the undisputed testimony clearly shows that the petitioner continued working up until the time he worked for Dworkin" and that "the incapacity from the said injury commenced on November 14, 1979." We review the commission's findings of fact to determine if they are supported by competent legal evidence. *Dawson v. A & H Manufacturing Co.*, R.I., 463 A.2d 519, 521 (1983). The crucial findings of fact, however, are not supported by the evidence in the record.

■ Shola's work records at DiMeo establish that he was out of work on Thursday, October 4, and Friday, October 5. Monday, October 8, was a state holiday. He remained out of work the following Tuesday through Thursday, October 9–11. Shola testified that he was out of work on each of these days because of the injuries he sustained to his elbow on September 18, 1979. Further, his medical records indicate that he was seen by his physician on a number of occasions for the elbow injury— including October 4 and 11, 1979. This evidence, therefore, clearly establishes that after Shola's third consecutive day of impairment due to his injury, he was entitled to compensation. As he was employed at DiMeo at this time, DiMeo is responsible for the compensation payments.

For the reasons stated, Shola's appeal is sustained, the respondent Dworkin's appeal is sustained, the decrees of the commission appealed from are reversed, and the cases are remanded to the Workers' Compensation Commission for entry of final decrees consistent with this opinion.