Alberta F. GARDINER

v.

ARROW LAKE DAIRY, INC.

No. 82–118–Appeal.

Supreme Court of Rhode Island.

June 8, 1984.

Raul L. Lovett, Marc B. Gursky, Lovett & Linder, Ltd., Providence, for petitioner; Lauren E. Jones, Providence, on brief.

Mark McKenney, Higgins, Cavanagh & Cooney, Providence, for respondent.

## OPINION

SHEA, Justice.

The petitioner appeals from an order of the Workers' Compensation Commission that excluded supplemental wages from the computation of the decedent's average weekly wages. We affirm.

The employee, Raymond Gardiner (Gardiner), died as a result of an injury he received in the course of his employment with respondent, Arrow Lake Dairy. The compensability of his injury and resulting death are not at issue. The sole issue before this court is whether the commission erred in finding that petitioner had failed to sustain her burden of proving the supplemental wages earned by her husband in his self-employment. General Laws 1956 (1979 Reenactment) § 28–33–20.

Gardiner earned an average weekly wage from respondent at the time he sustained his injury of $170.72. He was a self-employed oil-burner serviceman at the same time that he was working for respondent. The only evidence of supplemental income he received from the oil-burner service business is contained in the testimony petitioner, his wife, gave at the hearing before the trial commissioner. She testified both that she made out the receipts for the work done by her husband and that before his injury he had receipts in the amount of $2,406.31 from his oil-burner service work. No evidence was introduced, however, showing the amount of net income he derived from these gross receipts. Further, despite the fact that they were requested, petitioner failed to provide records of her husband's expenses in the business and his applicable income tax records. The trial commissioner established a profit margin and applied it to the gross receipts from Gardiner's oil-burner service business.[1] He then set Gardiner's average weekly wages at a level that included $100 per week in supplemental wages.

The employer appealed the determination of Gardiner's average weekly wage to the appellate commission. The appellate commission reversed the trial commissioner on this issue stating that

"[a] review of the transcript reveals that the trial commissioner based his finding of fact as to the decedent's average weekly wage upon inferences which were purely speculative and not based upon any factual evidence."

The petitioner appealed the ruling to this court.

The petitioner has the burden of proving by competent legal evidence the existence and amount of the supplemental wages that she asserts should be included in the computation of her husband's average weekly wages. *Soprano Construction Co. v. Maia*, R.I., 431 A.2d 1223, 1225 (1981). The appellate commission held that petitioner had failed to meet her burden of proving the supplemental wages from his self-employment. We review this finding by the commission to determine if it is supported by competent legal evidence.

---

1. Apparently the trial commissioner arrived at this approximate profit margin through information received in an off-the-record phone conversation with an oil-burner service company.

*Shola v. Dworkin Construction Co.,* 474 A.2d 1252 (R.I.1984).

The only evidence of the existence and amount of Gardiner's supplemental wages was the testimony of the petitioner. She testified that she had four statements for work her husband had done in his oil-burner service business. The statements included the amount paid to Gardiner for his services as well as for parts and equipment he had purchased for the repair work. No evidence was introduced concerning how much of these payments represented profit or earnings to Gardiner. The petitioner did not introduce her husband's applicable income tax records. The finding by the trial commissioner setting the supplemental wages at $100 was based on pure speculation, totally unsupported by evidence in the record. The appellate commission therefore properly found that the petitioner had failed to meet her burden in establishing the amount and existence of her husband's supplemental wages.

The petitioner's appeal is denied and dismissed, the decree of the appellate commission is affirmed, and the case is remanded to the Workers' Compensation Commission.