290 A.2d 406.

EVELYN I. HARDING *vs.* RHODE ISLAND HOSPITAL.

MAY 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.  This petition for specific compensation benefits was heard before a trial commissioner who granted the employee weekly payments for a permanent, 75 per cent loss

of use of her right arm and denied her any benefits for the loss of use of her left arm. Both the employer and the employee appealed to the full commission which affirmed the findings of facts and the orders contained in the decree entered by the trial commissioner. The case is now here on the employee's appeal.

A brief recital of the essential facts should provide an adequate frame of reference for the issues raised by the appeal. On August 14, 1958, petitioner, while employed by respondent as a staff nurse, sustained a compensable and totally disabling injury when she struck her right elbow on a top corner of a patient's bed. Soon thereafter she and her employer entered into a preliminary agreement and, commencing as of August 17, 1958, she has received compensation for incapacity at the rate of $32 per week based on an average weekly wage of $75. Originally those payments were made by respondent's insurer. Since 1968 they have come from the second injury indemnity fund.

On June 17, 1968 this petition for specific benefits was filed. Petitioner testified at the hearing which followed, as did the three physicians who had either treated or examined her. After reviewing their testimony and resolving the evidentiary conflicts therein, the trial commissioner concluded that, as of September 28, 1966, petitioner had permanently lost 90 per cent of the usefulness of her right arm, that medical science was incapable of doing anything further to better its condition, and that petitioner's partial loss of use of her left arm was in no way attributable to the August 14, 1958 injury.

Having reached those factual conclusions, the trial commissioner then determined her benefits in accordance with the sound-medical-opinion doctrine. Under that doctrine an award of specific benefits for the partial uselessness of a bodily member is computed as prescribed by the statute in effect at the time the loss of use of the affected bodily

member becomes permanent and an end result is reached in its medical treatment. *Romano* v. *B. B. Greenberg Co.*, 108 R. I. 132, 273 A.2d 315 (1971); *LeBrun* v. *Woonsocket Spinning Co.*, 106 R. I. 253, 258 A.2d 562 (1969); *Sherry* v. *Crescent Co.*, 101 R. I. 703, 226 A.2d 819 (1967).

The statute then in effect was G. L. 1956, §28-33-19(m), as amended by P. L. 1963, ch. 50, §1. It provided that compensation for uselessness of a bodily member which is less than total shall be paid "* * * for such period of weeks in proportion to the period applicable in the event that said member or portion thereof has been severed completely as the instant percentage of stiffness or uselessness bears to the total stiffness or total uselessness of such bodily members or portion thereof. The percentage of loss shall be computed to the nearest unit of 25%-50%-75% of loss." In accordance with that statute, the trial commissioner awarded petitioner benefits for a 75 per cent loss of use of her right arm.

The petitioner does not challenge the sound-medical-opinion doctrine as a rule of general application. Instead, she argues that it should be modified so that benefits are keyed to the law in effect at the time an incapacitated worker first learns that a bodily member has become permanently stiff and that the condition will no longer respond to medical treatment.

According to her brief, petitioner was not informed of these matters until March 11, 1970, and if we were to adopt the modification she proposes for that circumstance, her benefits would be computed as provided for by the statute in effect at the time she acquired that knowledge. The formula therein prescribed for computing specific benefits eliminates the "25%-50%-75%" provision of the earlier statute, and substitutes for it a provision entitling the injured worker to receive for the partial uselessness of a member the same portion of the amount which would be due

for a total uselessness of that member as the instant percentage of uselessness bears to its total uselessness.[1] Application of that formula in this case would result in petitioner's receiving benefits for 280.8 weeks rather than for the 234 weeks awarded by the commission.

To support her position petitioner points to G. L. 1956 (1968 Reenactment) §28-35-57 which, in addition to establishing a two-year statute of limitations in compensation matters, also provides that the statute will not begin to run in the case of a latent or undiscovered injury until the claimant learns, or by the exercise of reasonable diligence should have learned, of its existence and its causal relationship to his employment.

Comparing her own position to that of a claimant who benefits from the escape provision of §28-35-57, petitioner then argues, on policy grounds, that just as the statute of limitations does not begin to run until such a claimant learns or should have learned that she has sustained a compensable injury, so too should the law under which her benefits are determined not be selected until she became aware, or should have become aware, that her condition would not improve.

The situation with which petitioner compares her own, however, involves considerations which, if they had not been recognized by the Legislature, would have foreclosed an unknowing claimant's right to file a claim and thereby

---

[1] Section 28-33-19(m) (1968 Reenactment) as amended by P. L. 1969, ch. 144, §1 provides that:

"Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely, provided, however, that if the stiffness or uselessness is less than the total, then compensation shall be paid for such period of weeks in proportion to the period applicable in the event that said member or portion thereof has been severed completely as the instant percentage of stiffness or uselessness bears to the total stiffness or total uselessness of such bodily members or portion thereof."

would have frustrated the beneficent purposes of the compensation act. Like considerations prompted us in *Wilkinson* v. *Harrington,* 104 R. I. 224, 243 A.2d 745 (1968) to hold that the statute of limitations does not begin to run in a suit for medical malpractice until the injured party discovers, or in the exercise of reasonable diligence should discover, that his injury was caused by a defendant-physician's negligent treatment.

The petitioner here is not faced with such a drastic predicament. It is, of course, true that the measure of her recovery will be less under the sound-medical-opinion doctrine than it would be under the modification she proposes. She has not, however, been left remediless because of her ignorance of her condition. Her circumstances, then, do not parallel those in the statute of limitations situations and the reasons prompting the Legislature and this court to relieve an unknowing claimant from the severe consequences of a late filing have neither influenced the Legislature, nor do they now move us, to view petitioner's circumstances as requiring a modification of the sound-medical-opinion doctrine.

We hold, therefore, that the commission did not err when it computed petitioner's specific benefits pursuant to the 1966 statute.

The petitioner also claims benefits for a partial loss of use of her left arm. In rejecting her claim the full commission affirmed the trial commissioner's finding that she failed to prove that her loss of use "* * * arose out of or was sustained in the course of her employment with the respondent, was connected therewith or was referable thereto, or flow[ed] from the injury which she sustained on August 14, 1958." While petitioner argues that the record is devoid of any legally competent evidence justifying that finding, our own examination of the testimony of Dr. James C. White, the attending surgeon, convinces us otherwise. In

94

the circumstances the commission's findings, in the absence of fraud, are binding upon us.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Vincent J. Chisholm,* for respondent.