301 A.2d 78.

LEVON MINELIAN *vs.* ELECTROLIZING COMPANY.

MARCH 8, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a petition for specific benefits by an employee who sustained a compensable injury on February 2, 1965, when a piece of steel entered his right eye. The trial commissioner found that the employee had sustained the entire and irrevocable loss of sight in that eye on April 13, 1971, and ordered the employer to pay him, in addition to all other compensation, weekly payments of $45 for 160 weeks. On appeal the full commission affirmed the trial commissioner's findings of fact and orders. The case is now here on the employer's appeal.

In oral argument before this court the parties agreed that the evidence established April 13, 1971 as the date that the employee first became, or should have become, aware that his loss was permanent and would no longer respond to medical treatment. They also agreed that it was on some date prior to August 31, 1969, rather than on April 13, 1971, as determined by the commission, that it was *medically* ascertained that his condition would not improve and that an end result had been reached in its treatment.

In the light of those agreements as to what findings the evidence will support, the question in this case narrows to whether the employee's weekly payments should be computed under the law in effect on and prior to August 31, 1969, or on April 13, 1971. The answer is decisive because the amount of the employee's entitlement to weekly payments for specific injuries was increased from $30 to $45 on September 1, 1969, when G. L. 1956 (1968 Reenactment) §28-33-19, as amended by P. L. 1969, ch. 144, sec. 1, took effect.

The case of *Harding* v. *Rhode Island Hospital,* 110 R. I. 89, 290 A.2d 406 (1972), is dispositive. It was decided subsequent to the trial commissioner's decision, but prior to that of the full commission. The injured worker in that case, like the employee here, attempted to draw a parallel between the predicament of a claimant who does not know that his condition will not medically improve and that of a claimant who sustains a latent or undiscovered compensable injury. In the latter situation §28-35-57 provides that the statute of limitations will not begin to run until he either learns, or by the exercise of reasonable diligence should have learned, of his injury.

The employee argues that the same liberality which motivated the enactment of that legislatively created escape hatch should now compel us to compute his specific benefits under the statute in effect when he learned that his

loss had become permanent, rather than pursuant to that effective when his physicians decided that an end result had been reached in its treatment. We rejected that argument in *Harding*, and have not been persuaded that we should modify or change the doctrine enunciated in that case.

The employer's appeal is sustained and the case is remitted to the Workmen's Compensation Commission for the entry of a new decree in accordance with this opinion.

*Leonard A. Kamaras, Sydney I. Resnick,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.