BENJAMIN HOULE *et ux. vs.* LOUIS LUSSIER.

NOVEMBER 20, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This case is before us on the plaintiffs' exception to the refusal of the Superior Court to place the case on the jury trial calendar. The case coming on for trial before a judge without a jury, the plaintiffs offered no evidence, submitted to a nonsuit and took no exceptions.

Section 24 of Chapter 348 of the General Laws 1923, provides: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the Supreme Court that the verdict or final decision was erroneously affected thereby."

A majority of the court is of the opinon that the plaintiffs have not followed the proper procedure to bring before this court the question of law they desire to raise. As the course followed by the plaintiffs left the court below with no alternative, it can not be said that the final decision was erroneously affected by the previous ruling before trial.

Inasmuch as the case was fully argued before us and as the question raised involves no substantive rights but relates solely to procedure, and as other pending cases may be similarly situated, we have given the question due consideration and give our opinion thereon notwithstanding the irregularity in procedure.

Chapter 1327 of the Public Laws was approved April 2, 1929, and is, so far as pertinent to the present case, as follows: "Section 6 of chapter 337 of the general laws, entitled 'Of civil practice in the superior court,' is hereby amended to read as follows: 'Sec. 6. In every action at law originally brought in the superior court, or removed to the superior court on appeal from a district court, if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case, and if no jury trial be claimed as aforesaid the court shall hear, try and determine the said case both as to the law and and as to the facts and render decision therein, subject to the right of review as provided by law.' . . ."

The act became effective September 16, 1929. The writ in the present case is dated May 31, 1929, almost two months after the passage of said act and the return day is July 2, so that the assignment day, owing to vacation period, was October 5.

The plaintiffs contend that said Chapter 1327 does not apply to the instant case for the reason that it did not take effect until after the commencement of the suit; in other words, the statute does not apply to any case pending in the Superior Court prior to September 16, 1929. The court is unanimously of the opinion that plaintiffs' contention can not be sustained. The legislature in matters of procedure has undoubtedly the power to pass a statute affecting pending suits. *Grinnell* v. *Marine Guano and Oil Co.*, 13 R. I. 135. It is obvious that the legislature in postponing the effective date of the act to September 16 intended that it should be in full force at the commencement of the new court year; otherwise, the act would have been made effective at once and would have been made to apply only to suits commenced thereafter. To hold that the act applies only to suits commenced after September 16 might in some cases postpone its operation until December and this would be doing violence to the intent of the legislature.

The plaintiffs have been deprived of no vested right. They were given ample time to claim a trial by jury and it is not an unreasonable condition for the procurement of such trial that the parties be obliged to ask for it. As the Judicial Council, in recommending this legislation, said: "It is surely not an unreasonable regulation, in view of the cost of a jury trial to the State in time and money, that if a party desires as his constitutional right such a trial he should be required at least to ask for it."

The case was properly placed on the jury trial waived calendar, and is remitted to the Superior Court for further proceedings.

*John R. Higgins, Morris E. Yaraus,* for plaintiff.
*Ralph T. Barnefield,* for defendant.