226 A.2d 819.

JOSEPH SHERRY *vs.* THE CRESCENT COMPANY, INC.

MARCH 1, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

Roberts, C. J. This is an appeal from a decree of the workmen's compensation commission awarding an injured employee specific compensation for "the reduction to one-tenth (1/10) or less of normal vision with glasses" pursuant to the provisions of G. L. 1956, §28-33-19 (d). The only question raised is whether the commission erred in fixing the amount of the award pursuant to the terms of the statute in effect in March 1961, the time the employee injured his eye. The employee contends that the injury for which specific compensation is provided under said §28-33-19 (d), reduction in vision, did not occur until November 23, 1964, at which time the statute fixing compensation provided for payment for such injury at a higher rate than the prior statute. On this basis he contends the commission erred.

It is not disputed that the employee on March 30, 1961, while in the employ of respondent, sustained an injury when a piece of copper wire penetrated his left eye. Surgery undertaken in September 1961 to remove this fragment of wire was unsuccessful. In October 1961 further surgery resulted in the location and removal of a piece of copper wire from the employee's eye. In November 1964, some three years later, further surgery was undertaken to correct a condition that had developed in the employee's left eye. The record discloses that in August 1964 the employee's vision had been rated at 20/50. In November 1964 it was determined to have been reduced to 20/200, and it is not disputed that the loss of vision thus came within the provisions of §28-33-19 (d) as an injury entitled to the specific compensation provided for therein.

The respondent argues that the commission did not err in fixing the amount of specific compensation. In so doing, it relies on a number of cases, all of which follow the rule laid down in *Vick* v. *Aubin,* 73 R. I. 508. There this court

held that a trial justice did not err in computing the average weekly wage of an injured employee "in accordance with the statute as it existed at the time of the accident." A number of the later cases appear to substitute the word "injury" for the word "accident," the requirement that the employee's injury result from accidental means having been stricken from the statute by legislative action. Typical of these latter cases is *Pardi* v. *E. Turgeon Construction Co.*, 90 R. I. 269. There we said, referring to this rule: "We need not discuss the effect of such amendments because the case at bar must be decided by the sections as they stood at the time of petitioner's injury and according to the intent of the legislature as expressed in the language of the sections at that time."

It is clear then that in this state the statutory provision in effect at the time the injury is sustained is controlling on the determination of the rate of compensation to be paid. The question then is: Did the employee sustain an injury as contemplated by §28-33-19 (d) in March 1961 when his eye was penetrated by a piece of copper wire or in November 1964 when his vision was reduced to 20/200?

It is our opinion that petitioner sustained the injury entitling him to the specific compensation provided in §28-33-19 (d) when the vision in his left eye was reduced to 20/200. It is established by the record that this occurred in November 1964, and it follows that his right to compensation would be controlled by the provisions of the statute then in effect. Until that event occurred no cause of action accrued to the employee. Such a cause of action and his right to recover accrued when his vision was reduced to 20/200. For this reason then we conclude that it was error to award him compensation on the basis of the statute in its prior form.

In *Ludovici* v. *American Screw Co.*, 99 R. I. 747, 210 A.2d 648, we held that the word "injury" as used in the act generally means an incapacity for work and that the time when

such an injury is sustained is the time at which the resulting incapacity begins. However, the word "injuries" is used in §28-33-19 in an entirely different sense. It is clear therefrom that the word "injuries" is used in that section to describe a condition for which compensation is awardable other than one which produces an incapacity to earn. The word "injuries," in our opinion, contemplates the accrual of a cause of action independent of and distinct from the right to compensation for loss of capacity to earn. This accrues only when the condition provided for in the statute occurs. The legislature contemplated that such would be additional compensation paid as damages for the injuries sustained and not compensation for the loss of earning capacity.

We recognized this when we held that specific compensation is in the nature of damages rather than compensation for the loss of earning capacity. *Vick* v. *Aubin, supra.* In *Martinuzzi* v. *Capitol Marble & Tile Co.,* 79 R. I. 115, 117, we said, referring to the specific compensation provided in §28-33-19: "It is in addition to compensation for incapacity and is more in the nature of damages for the specific injury." In short then, an injury within the meaning of §28-33-19 is without relationship to the establishment of an incapacity for work. The statute contemplates that upon the occurrence of one of the prescribed conditions, the employee has sustained a compensable injury under that section. In short, we hold that a cause of action for specific compensation accrues to an injured employee at the time of the occurrence of the condition prescribed in the statute as constituting an injury for which specific compensation is awardable. Clearly then the specifically compensable injury was sustained in November 1964, and compensation should have been awarded this petitioner on the basis of the statute then in effect.

We are aware of the decision of this court in *Charron* v. *Liberty Mutual Ins. Co.,* 93 R. I. 352, and are of the opinion

that the instant decision is entirely consistent with the rule therein laid down. That decision turned on the conclusion that the claim for compensation for a partial loss of use of a bodily member under the statute was barred because at the time the partial loss of use was sustained it was not a compensable injury under the statute.

In *Charron* the employee was injured in August 1951. The statute then in effect, P. L. 1947, chap. 1941, provided for the payment of specific compensation only where the loss of use of the bodily member was total. The 1959 amendment to the statute made compensable by specific payments the loss of use of a bodily member that was less than total. In 1960 the employee applied for specific compensation in reliance on the statute as amended in 1959. It being established that he could not prove that the loss of use of his legs was total, the court held, as we have noted, that he was not entitled to specific compensation for partial loss because under the statute as it stood in 1947 a partial loss of use was not a compensable injury.

It appears that the rationale underlying the decision in *Charron* is that the employee had sustained an injury in the form of a partial loss of use of his legs prior to the time of the enactment of the amendment to the statute pursuant to which such a partial loss became a specifically compensable injury under the act. In short, what the court did in Charron posits the proposition that amendments making particular injuries specifically compensable are not to be given retroactive effect for obvious reasons.

In *Keefe* v. *Nunes,* 83 R. I. 260, this court in similar circumstances recognized the existence of this issue and avoided giving retroactive application to an amendment making loss of binocular vision compensable. In that case the employee in 1951 had sustained an injury to his left eye and had lost binocular vision because of this injury. Subsequently, in November 1954, the statute was amended to make loss of binocular vision an injury for which specific

compensation would be awarded. In the opinion the court, without comment, recognized that the injury had become specifically compensable some three years after it was sustained by the employee but did not consider it as establishing any right to the compensation provided in the amended statute. An almost necessary inference to draw from this action on the part of the court is that it perceived no question of liability in specific compensation for the loss of binocular vision when it occurred prior to the enactment of the amendment.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Gunning & LaFazia, Raymond A. LaFazia, John F. McDonough,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for respondent.