**330 A.2d 71.**

ALFRED A. CIPRIANO *vs.* PERSONNEL APPEAL BOARD.

JANUARY 6, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On October 20, 1967, the petitioner's employment as a fireman with the State Division of Public Buildings was involuntarily terminated, and he appealed to the Personnel Appeal Board. After the board heard and rejected his appeal, he sought judicial review in the Superior Court. It remanded the case for further consideration. The board then held additional hearings and in mid-1970 in a revised decision found that the petitioner had been involuntarily dismissed, ordered that he be returned to his former position, but rejected his claim that he be paid the salary he would have earned during the period of his dismissal. Thereupon, the petitioner commenced proceedings for judicial review under the Administrative Procedures Act, challenging the board's refusal to award him back pay. When the Superior Court affirmed the board's decision, he petitioned this court for a writ of certiorari. We ordered the writ to issue. *Cipriano v. Personnel Appeal Board*, 111 R. I. 908, 300 A.2d 278 (1973).

The petitioner's right to compensation for the period of his dismissal turns on whether G. L. 1956 (1969 Reenactment) §36-4-42, or a 1969 amendment thereof, is controlling. The language of the statute as it read at the time of petitioner's dismissal and the terms of the amendment in effect when his case was heard and decided are substantially similar, but differ as they pertain to the back pay question. The earlier version provides that an employee who is reinstated shall not suffer any loss of compensation, whereas §36-4-42, as amended by P. L. 1969, ch. 126, §1, states that an employee may be rein-

stated with back pay, or "under such terms as the appeal board shall determine."

Briefly stated, the petitioner's position is that the 1969 legislation is substantive rather than procedural, that the Legislature did not intend, expressly or by necessary implication, the amendment to operate retroactively, and that in these circumstances the legislation is presumed to apply prospectively only. Hence, he concludes that the amendment ought not apply to this cause of action, which accrued before its passage, and that consequently the unamended version of §36-4-42 controls, entitling him to be fully compensated for the period of his dismissal.

On the other hand, the board argues in essence that the 1969 amendment is a remedial provision which does not impair or affect petitioner's vested substantive rights, that it can and should be fairly applied retroactively to this cause of action, and that consequently the Superior Court did not err in affirming the board's decision and in ordering petitioner reinstated without lost pay.

Neither of the parties disagrees with the basic legal principles upon which the other relies.[1] They disagree, however, about whether the back pay provision of the 1969 legislation affects substantive rights or is merely remedial in nature, and in resolving that disagreement we find ourselves in an area where "[r]ights and remedies

[1]Cases adhering to the presumption against retroactive operation include: *Romano* v. *B. B. Greenberg Co.,* 108 R. I. 132, 136, 273 A.2d 315, 317 (1971); *Sherry* v. *Crescent Co.,* 101 R. I. 703, 704-05, 226 A.2d 819, 821 (1967); *Ludovici* v. *American Screw Co.,* 99 R. I. 747, 748, 210 A.2d 648, 649 (1965); *Langdeau* v. *Narragansett Ins. Co.,* 96 R. I. 276, 279, 191 A.2d 28, 30 (1963). The following cases state the rule that procedural or remedial legislation applies retroactively provided it neither violates vested rights nor impairs the obligation of contracts. *Hardman* v. *Personnel Appeal Board,* 100 R. I. 145, 150, 211 A.2d 660, 663 (1965); *Berditch* v. *James Hill Mfg. Co.,* 85 R. I. 69, 73, 125 A.2d 204, 206 (1956); *Houle* v. *Lussier,* 50 R. I. 339, 341, 147 A. 756, 757 (1929); *Grinnell* v. *Marine Guano & Oil Co.,* 13 R. I. 135, 136 (1880).

shade one into the other so that it is sometimes difficult to say that a particular act creates a right or merely gives a remedy." *Ettor* v. *City of Tacoma,* 228 U. S. 148, 155, 33 S.Ct. 428, 430, 57 L.Ed. 773, 778 (1913).

While there is no touchstone that unerringly tells us whether legislation is substantive or procedural, there are less certain criteria to which we can look for guidance. They show generally that "* * * a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress," and further that a procedural law "* * * neither enlarges nor impairs substantive rights but rather relates to the means and procedures for enforcing these rights." *Romano* v. *B. B. Greenberg Co.,* 108 R. I. 132, 136, 273 A.2d 315, 317 (1971).

In this case we are concerned with legislation which alters the certainty that a wrongfully discharged employee will be compensated upon reinstatement for the salary denied him during the period of his dismissal. A provision having that effect, it seems to us, resembles enactments in the workmen's compensation field that change the compensation benefits payable for work-related disabilities. We have consistently and repeatedly held that such legislative changes are substantive in nature, and therefore that the statutory provision in effect when a worker sustains a compensable injury determines his entitlement to benefits. *Harmony Service, Inc.* v. *Mason,* 111 R. I. 85, 86, 299 A.2d 162, 163 (1973); *Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 509, 277 A.2d 128, 133 (1971); *Romano* v. *B. B. Greenberg Co., supra* at 136, 273 A.2d at 317; *Sherry* v. *Crescent Co.,* 101 R. I. 703, 704-05, 226 A.2d 819, 821 (1967); *Pardi* v. *E. Turgeon Constr. Co.,* 90 R. I. 269, 270, 157 A.2d 677, 678 (1960); *Gomes* v. *John J. Orr & Son,* 78 R. I. 96, 99, 79 A.2d 618, 620 (1951); *Walsh* v.

*C. J. Fox Co.*, 76 R. I. 345, 348, 70 A.2d 37, 38 (1949); *Vick* v. *Aubin*, 73 R. I. 508, 511, 58 A.2d 109, 111 (1948).

The board argues, however, that the wide discretion conferred on it by the amendment with respect to back pay awards warrants the legislation's being characterized as remedial. It also attempts to distinguish the compensation cases, arguing that the enactments changing the amounts of compensation benefits conferred no comparable discretion upon the awarding tribunal.

Even were we to concede that the 1969 amendment is a remedial enactment, the concession would not necessarily call for the amendment's retroactive application. This becomes clear when we compare the petitioner's wrongful discharge with an employee's incapacitating work-related injury. In the workmen's compensation context "* * * the occurrence of an injury establishes a contract right to compensation in the amount prescribed for the injury in question, which may not be destroyed by subsequent retroactive laws." 2 Sutherland, *Statutory Construction* §41.07 at 276 (4th ed. 1973). Similarly, here, the petitioner's wrongful discharge created in him a right to reinstatement with back pay as prescribed by the version of §36-4-42 in effect when that event took place. We should not permit the 1969 amendment, even if primarily remedial, to impair that right. *See Romano* v. *B. B. Greenberg Co., supra* at 136, 273 A.2d at 317.

The petition for certiorari is granted, the judgment of the Superior Court is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Anthony A. Cipriano,* for petitioner.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, for respondent.