386 A.2d 184.

MICHAEL W. LYNCH *v.* STANLEY GONTARZ *et al.*

MAY 9, 1978.

PRESENT: Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action wherein the plaintiff seeks to enjoin the defendants from suspending and terminating him without a hearing from his unclassified position as the executive director of the State Municipal Police Training School. The case was heard without a jury on an agreed statement of facts and written memoranda of the parties by a Superior Court justice who found that the plaintiff was not entitled to an evidentiary hearing prior to his termination. From a judgment thereafter entered denying the plaintiff's request for preliminary and permanent injunction against the defendants, the plaintiff has appealed to this court.

The Municipal Police Training School was established by G.L. 1956 (1977 Reenactment) §42-28.2-2 and placed under the control and direction of a commission appointed by the Governor. The chairman, with the approval of a majority of the members of the commission, is empowered to appoint such permanent and temporary staff necessary to carry out the purpose of the statute. Pursuant to such authority, plaintiff, Michael W. Lynch, was appointed executive director of the training school in 1971.

In a letter dated February 13, 1976, addressed to the president of the Rhode Island Police Chiefs' Association, plaintiff wrote as follows:

> "I respectfully request that you convey to your members at your executive session on Tuesday, February 17th the following information.

"Because of the complete indifference and the incompetence of the present Commission on Standards and Training, the administration of the Police Academy will not assume any responsibility for any irregular conduct of the March training semester.

"Due to the many ill advised changes in the standards and the curriculum and the complete lack of communication, it is impossible to continue the professional operation of the Academy as in the past."

On March 12, 1976, the commission suspended plaintiff without pay. The plaintiff was notified of said suspension by letter which stated that "A hearing will be scheduled by the Commission in April 1976 and you will be notified of the date and place." On March 22, 1976, the commission notified plaintiff by letter that a hearing on his suspension was scheduled for April 7, 1976, "to determine your future relationship with the Academy. You may make or amend statements, present witnesses and be represented by an attorney if you wish."

On April 7, plaintiff appeared before the commission without counsel since his counsel was engaged elsewhere and unavailable.[1] On that date, the commission states that it informed plaintiff as follows:

1. That the meeting was not an evidentiary hearing
2. That no evidentiary hearing was contemplated
3. That he was under no obligation to be present
4. That he was under no obligation to make any statements
5. That the commission would terminate his employment on April 12, 1976, unless the commission was convinced that it should rescind his suspension and reinstate him
6. That the next meeting of the commission was scheduled for a date subsequent to April 12, 1976

---

[1] Counsel had informed the commission that they were engaged in a murder trial in Superior Court and would be unavailable.

7. That the commission took the position that he was not entitled to an evidentiary hearing, but that he was being given an opportunity to explain, justify, modify or recant the statements in his letter of February 13, 1976, to the Police Chiefs' Association, if he wished to avail himself of that opportunity.

In a complaint filed in Superior Court on April 12, 1976, plaintiff alleged that his suspension was illegal and that the denial of a hearing violated his due process rights under the fourteenth amendment to the United States Constitution. The plaintiff prayed that defendants be enjoined temporarily from suspending him, that the suspension be declared illegal, that he be reinstated with back pay and that he be granted a hearing of the charges against him.

By agreement of the parties, the case was presented to the trial justice on an agreed statement of facts and memoranda of the parties.

In the Superior Court plaintiff argued that the commission is an administrative agency within the Administrative Procedures Act (A.P.A.) §42-35-1 et seq. and that his suspension and impending dismissal without a hearing violates his due process right to continued state employment absent sufficient cause for discharge.

The defendants asserted that plaintiff as an unclassified employee was not entitled to a hearing prior to his termination and that the decision to terminate plaintiff was not a "contested case" within the provisions of the A.P.A. The defendants further argued that since plaintiff is an unclassified employee, he has no legitimate claim to continued state employment and that accordingly his termination without a hearing does not violate his due process rights.

On May 28, 1976, the trial justice adopted the reasoning of defendants and found that plaintiff was an unclassified employee and thus not entitled to an evidentiary hearing. He further found that the case was not within the provision of

the A.P.A. and accordingly denied and dismissed plaintiff's complaint.

On appeal, plaintiff presents two issues for our determination. The parties have stipulated and the trial justice found that plaintiff is an unclassified state employee. In addition, §36-4-2(d) sets forth that "directors of departments" shall be considered as in the unclassified service.

The plaintiff first argues that the trial justice erred in holding the A.P.A inapplicable to the termination of his employment as director of the Municipal Police Training School. He contends that the commission's decision to suspend and dismiss plaintiff is a "contested case" within the meaning of §42-35-1(b) and that therefore the action of the commission without adherence to the procedures outlined in §42-35-9 for "contested cases" is void and illegal.

Section 42-35-1(b) states as follows:

> " '[C]ontested case' means a proceeding, including but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing."

Section 36-3-10(2) provides that *classified employees* with provisional, probationary, or permanent status who have been discharged, demoted, suspended or laid off by an appointing authority may appeal to the State Personnel Appeal Board. A decision of the appeal board is reviewable as a "contested case" under the A.P.A. *See Cipriano* v. *Personnel Appeal Board*, 114 R.I. 141, 330 A.2d 71 (1975).

The Legislature has not provided similar protection for *unclassified employees*. However, if a suspended or dismissed unclassified employee alleges that he or she was discriminated against because of race, sex, age, physical handicap or political or religious beliefs, the employee is entitled to have that decision reviewed by the personnel appeal board. §§36-4-42, 36-3-10(3). This indicates to us a legislative intent

that unclassified employees serve at the pleasure of their appointing authority absent an allegation of discrimination. Thus, although unclassified employees have been afforded the right of public employment free of discrimination they have not been afforded the right of continued public employment absent sufficient cause for discharge.

Here, there is no allegation of discrimination and since plaintiff as an unclassified employee has no right of continued employment, absent sufficient cause for discharge, we conclude that plaintiff's suspension and dismissal cannot be construed as a "contested case" within the A.P.A. The plaintiff's argument that the trial justice erred when he found that the suspension and dismissal of plaintiff is not a matter within the provisions of the A.P.A. and that plaintiff was not entitled to a hearing before termination of his employment is without merit.

The plaintiff next asserts that his dismissal from his employment without a hearing was a deprivation of his rights guaranteed under the fourteenth amendment of the United States Constitution. The United States Supreme Court in addressing the question of whether the denial of a hearing prior to the termination of employment of a public employee is a violation of the employee's right to due process under the fourteenth amendment stated in *Board of Regents of State Colleges* v. *Roth*, 408 U.S. 564, 569-71, 92 S. Ct. 2701, 2705-06, 33 L. Ed. 2d 548, 556-57 (1972) that:

> "The requirements of procedural due process apply only to the depriviation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite. * * * But, to determine whether due process requirements apply in the first place, we must look not to the 'weight' but to the *nature* of the interest at stake. [citation omitted] We must look to see if the

interest is within the Fourteenth Amendment's protection of liberty and property."

The Supreme Court has not attempted to define with exactness the liberty guaranteed by the fourteenth amendment but stated that "it denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life * * * and generally to enjoy those privileges long recognized * * * as essential to the orderly pursuit of happiness by free men." *Meyer* v. *Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042, 1945 (1923).

Here, plaintiff's original complaint in Superior Court alleged that no charges were leveled against him but before us claims that his good name, reputation, honor or his integrity are in jeopardy because of the charges. We find nothing in the record to substantiate plaintiff's claim that his good name, reputation, honor and integrity are impaired by the commission's action in terminating his employment. Neither is there anything in the record to indicate that plaintiff was foreclosed from seeking other public employment by the action of the commission.

The plaintiff argues, however, that certain documents appended to his brief filed in this court, namely, excerpts from a newspaper under dates of March 23, 1976, and April 8, 1976, seriously injured his reputation and good name within the community. He asserts that the termination of his employment by the commission without a hearing deprives him of his opportunity to vindicate himself and is therefore a deprivation of his constitutional right to due process.

The documents were not introduced into evidence in the Superior Court and consequently will not be considered by us on appeal. *Spouting Rock Beach Ass'n* v. *Garcia*, 104 R.I. 451, 464, 244 A.2d 871, 878 (1968).

The fourteenth amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. *Board of*

*Regents of State Colleges* v. *Roth, supra* at 576, 92 S. Ct. at 2708, 33 L. Ed. at 560.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. * * *

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577, 92 S. Ct. at 2709, 33 L. Ed. 2d at 561.

A state employee who, under state law or rules promulgated by state officials, has a legitimate claim of entitlement to continued employment absent sufficient cause for discharge, may demand the procedural protection of due process. *Goss* v. *Lopez,* 419 U.S. 565, 573, 95 S. Ct. 729, 735, 42 L. Ed. 2d 725, 733-34 (1975).

It has also been held that a property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law. *Bishop* v. *Wood,* 426 U.S. 341, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976); *see Perry* v. *Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972); *Connell* v. *Higginbotham,* 403 U.S. 207, 91 S. Ct. 1772, 29 L. Ed. 2d 418 (1971).

We must, therefore, consider whether plaintiff had an entitlement to continued employment either by statute or by implied contract. The plaintiff does not assert nor can we find anything in the record to indicate that he is entitled to continued employment under any state statute. Rather, the statute creating the commission seems to indicate that plaintiff held his position at the will and pleasure of the com-

mission. In addition, as noted earlier, plaintiff is an unclassified state employee and as such is entitled to protection of employment only when a charge of racial, sexual, religious or political discrimination is alleged.

The plaintiff asserts, however, that certain documents appended to his brief filed in this court, taken together with the fact that he held his position for five years, clearly establishes an implied contract constituting a legitimate claim to continued employment of plaintiff by the commission. Assuming that the appended documents could be construed as an implied contract, the issue of an implied contract was not considered by the trial justice, nor were the documents introduced into evidence in the court below and, consequently, will not be considered on appeal. *Spouting Rock Beach Ass'n* v. *Garcia, supra* at 464, 244 A.2d at 878; *Nugent ex rel. Lingard* v. *Harris,* 95 R.I. 137, 184 A.2d 783 (1962).

The plaintiff has failed to demonstrate any statutory authority or tacit understanding sufficient to give rise to a reasonable expectation of continued employment which would constitute a property interest in his employment as executive director of the Municipal Police Training School. Since no property interest existed, the commission's action in terminating the plaintiff's employment without a hearing is not an impairment of the plaintiff's right to due process under the fourteenth amendment to the United States Constitution.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

Chief Justice Bevilacqua did not participate.

*Nugent & Nugent,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *W. Kenneth O'Donnell,* Special Assistant Attorney General, for defendants.