DECISION
The above-entitled cause comes before me on the application of the International Brotherhood of Police Officers, Local 489, for an Order directing the defendant, Town of South Kingstown Police Department, to show cause why certain rights should not be afforded to Jeffrey Nagle, a full-time police officer, pursuant to the Law Enforcement Officer's Bill of Rights.
The facts that give rise to this dispute are not significantly in dispute. Mr. Nagle was hired by the South Kingstown Police Department on November 27, 2000, as a probationary police officer. As a condition of his continued employment and pursuant to the Town Charter, Officer Nagle was required to successfully complete a probationary period of twelve months. "Thus his probation ended on November 27, 2001, and, based on the Department's knowledge at that time that he had, in fact, successfully completed his probationary period, he was awarded a permanent full-time position as a South Kingstown police officer. Under 42-28.6-1, in all respects, the Union argues, Nagle is a law enforcement officer entitled to the protection of the Law Enforcement Officer's Bill of Rights, which specifically provides for notice and an opportunity to be heard by a panel of three officers before any disciplining action may be imposed, much less termination. The Town counters by arguing that evidence of misconduct that became available after his appointment on November 27, 2001, but which occurred during the period of probation, would allow for termination. Thus, the issue to be determined is whether the Town has shown cause to deny the protections of the Law Enforcement Officer's Bill of Rights to an officer who allegedly violated the public trust, his employment agreement and police department standards while a probationary employee, but such alleged violation did not come to the attention of the Town until after it conferred permanent status upon him. The answer must be no. To decide otherwise would subject all officers of all departments to the risk of being terminated without an opportunity for a hearing for misconduct that might have occurred one, five or ten years earlier while they were on probation, but which misconduct, serious or otherwise, went undetected by the local municipality. That is not to say the officer, under certain circumstances, should not or could not be disciplined, or even terminated, for the earlier misconduct. However, such discipline, if appropriate, can be imposed only after compliance with the statutory rights afforded permanent police officers pursuant to 42-28.6-1 et seq. The Law Enforcement Officer's Bill of Rights.
Further, Sec. 4414.1 of the South Kingstown Town Charter provides a mechanism for removal of probationary police officers. Specifically, Sec. 4414.1 provides, in pertinent part:
 "provided nevertheless, that all members of the force shall, at the time of their permanent appointment, have served for a period of not less than twelve (12) months in a probationary status during which probationary period they may be removed at any time by the town manager upon recommendation of the Chief of Police, with or without cause."
The Charter makes no mention of removal at any time other than during
the period of probation. Having been appointed to a permanent position on November 27, 2001, Nagle enjoyed a certain vested property right in his position as a permanent police officer and any attempt to deprive him of that vested property right without notice and an opportunity to be heard is unlawful (See Lynch v. Gontarz, 386 A.2d 184 (1978).
In conclusion, this Court finds that the Town has failed to show that Jeffrey Nagle was not entitled to the rights afforded law enforcement officers under 42-28.6 et seq. At this time, this Court declines to order the Town to reinstate Officer Nagle to his position and declines to order the Town to reimburse Nagle for back pay and benefits; rather, the Court directs the Town to afford the officer a hearing under the provisions of42-28.6-4. If the decision of the Hearing Committee is not rendered by December 31, 2002, the Officer may apply to this Court for reconsideration of its decision denying reinstatement, back pay and benefits.