DECISION
Plaintiff Rhode Island Department of Administration ("Department") appeals a decision of the Personnel Appeals Board ("PAB") that granted Defendant Joseph McGovern ("McGovern") reclassification and salary benefits pursuant to G.L. 1956 § 36-4-41 and Personnel Rule 4.031. The Department requests that this Court vacate the administrative decision as it pertains to McGovern's salary benefits on the grounds that the PAB exceeded its authority by making a salary determination in a reclassification case. The Department contends that salary determinations are exclusively within the authority of the Personnel Administrator. For the reasons set forth in this Decision, the Court vacates the PAB's decision as to salary in McGovern's case, but finds that salary determinations are within the jurisdiction of the PAB where adequate considerations have been made. Jurisdiction of the Superior Court is pursuant to G.L. 1956 § 42-35-15. *Page 2 
 I Facts and Travel
Defendant McGovern is an employee in the Division of Library and Information Services. In July 2005, he filed a classification questionnaire (or desk audit) seeking to be reclassified from his position as a Supervisor of Media Services to a Library Program Specialist III. The Office of Personnel Administration ("OPA"), through the conclusion of a Deputy Personnel Administrator, found that McGovern was performing work beyond his classification. However, the OPA found that McGovern should be reclassified as a Library Specialist II, rather than as a Library Specialist III.[1] The OPA determined that McGovern could not be classified beyond this level, as he was not performing a supervisory role.[2]
McGovern challenged this determination on that grounds that classification as a Library Specialist II would result in a pay cut. Under the system of classification negotiated by McGovern's union, he could receive a $2300 Master's degree bonus as a Supervisor of Media Services, but not as a Library Specialist. Since the difference in pay grade resulted in only an $1100 raise, the reclassification would mean a net loss to McGovern of $1200 per year. The classification as a Library Specialist would ultimately allow McGovern a pay increase, as he could potentially be promoted to higher steps within this classification. However, without the bonus, McGovern would not enjoy a salary increase until he reached the level of a Library *Page 3 
Specialist III. The record suggests that McGovern brought the issue of salary before the OPA, but no decision on the issue was rendered. McGovern appealed the OPA's decision to the Office of Administrator of Adjudication under G.L. 1956 § 36-4-40. On January 3, 2006, the Administrator of Adjudication affirmed the decision of the OPA that McGovern should be reclassified as a Library Specialist II. The record again indicates that the issue of salary was discussed but not decided by the Administrator of Adjudication.
McGovern appealed to the PAB, pursuant to G.L. 1956 § 36-4-41. At the hearing, the PAB requested that the State[3] research the issues regarding salary, and postponed its decision to allow time for this investigation. In a decision issued January 26, 2007, ("the Order") the PAB affirmed the Administrator of Adjudication's decision with respect to reclassification, and ruled that McGovern could decide whether to accept reclassification as a Library Specialist II or remain in his position as a Supervisor of Media Services. No party challenges the reclassification. With respect to McGovern's salary, the PAB cited Personnel Rule 4.031[4] and concluded that "Mr. McGovern's salary shall not be less than his existing salary (provided that his existing salary did not exceed the maximum salary available to a Library Specialist II, plus any longevity increases to which Mr. McGovern is entitled)." The PAB noted that there was no remedy for the lost Master's Degree bonus, as it was, by union contract, inapplicable to the Library Specialist positions. *Page 4 
On February 23, 2007, the Plaintiff Department filed a complaint pursuant to G.L. 1956 § 42-35-15(b), seeking judicial review of the PAB's Order. The Department contends that the PAB acted in excess of its authority with respect to the pay option it granted McGovern, and therefore has substantially prejudiced the rights of the Department. The PAB challenges the Department's suit, contending that the Department lacks standing under the Administrative Procedures Act ("APA") to bring the appeal. The PAB further counters that it has jurisdiction to make salary determinations in reclassification cases pursuant to the appeals process established by the Merit System statutes.[5]
 II Standard of Review
The Superior Court's review of an administrative decision is governed by § 42-35-15 of the APA. Section 42-35-15(g) reads as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or *Page 5 
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In conducting its review, this Court "shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact." Ctr. For Behavioral Health, Rhode Island, Inc. v.Barros, 710 A.2d 680, 684 (R.I. 1998) (citations omitted). The Court must affirm the agency's decisions on questions of fact, unless such decisions are "totally devoid of competent evidentiary support in the record." See Baker v. Dep't of Employment and Training Bd. ofReview, 637 A.2d 360, 363 (R.I. 1994). On questions of law, "[w]here the provisions of a statute are unclear or subject to more than one reasonable interpretation, the construction given by the agency charged with its enforcement is entitled to weight and deference, as long as that construction is not clearly erroneous or unauthorized."Gallison v. Bristol School Committee, 493 A.2d 164, 166 (R.I. 1985). However, the Court is not bound by the agency's decisions of law, and reviews these questions de novo. Arnold v. R.I. DOL Training Bd. ofReview, 822 A.2d 164, 167 (R.I. 2003). Ultimately, issues of statutory interpretation and agency jurisdiction are questions of law for which the Court is responsible. City of East Providence v. Public UtilitiesCom'n, 566 A.2d 1305, 1307 (R.I. 1989).
 III Analysis
The parties dispute three primary issues: whether the Department has standing to bring this appeal under the public interest exception to § 42-35-15 of the APA; whether the PAB has jurisdiction to make salary determinations in general; and whether the PAB appropriately ruled on the impact that Personnel Rule 4.031 would have on Defendant McGovern's post-reclassification salary. *Page 6 
 A Standing
In general, an agency lacks standing under the APA to appeal the decision of another agency. See Director, OWCP v. Newport NewsShipbuilding and Dry Dock Co., 514 U.S. 122, 129 (1995). Under §42-35-15 of the APA: "[a]ny person, including any small business, who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." The definition of a "person" under the APA is "any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency." G.L. 1956 § 42-35-1(g) (emphasis added). The plain language of the statute limits judicial review to appeals brought by a non-agency.
The Department does not dispute the fact that it is an agency under the APA,[6] and is therefore barred from bringing the appeal under the traditional rule for standing. Tillinghast v. Brown University,24 R.I. 179, 183-184, 52 A. 891, 892 (1902) (deciding that a plaintiff must suffer a denial of a "personal or property right" at the hands of an agency to have standing to bring an administrative appeal). Instead, the Department contends that this case falls within the public interest exception, which "permits an agency itself to seek review, even though not technically aggrieved, if the public has an interest in the issue which reaches beyond that of the immediate parties." Buffi v.Ferri, 106 R.I. 349, 351, 259 A.2d 847, 849 (1969). To bring an appeal under this exception, the agency must show that the public interest at stake is *Page 7 
"substantial": it must be "one in which the public has a very real stake," where an "unfavorable outcome of the controversy will adversely affect the public interest." Renza v. Murray, 525 A.2d 53, 56 (R.I. 1987).
Here, the case revolves around an interpretation of the Merit System statutes. The Rhode Island Supreme Court has determined that the public has a substantial interest in the outcome of Merit System appeals.See Rohrer v. Ford, 425 A.2d 529 (R.I. 1981). In Rohrer v. Ford, the Supreme Court found that the Director of Administration, who is charged with implementation of the Merit System, has standing to appeal under the public interest exception because "the overriding purpose of the merit-system legislation is the attainment of an efficient public service that will benefit the people as a whole. . . ." Id.
The PAB seeks to distinguish the instant case from theRohrer decision, and urges this Court to follow the Superior Court inState of Rhode Island, Department of Children, Youths Families v.Personnel Appeal Board, 1995 WL 941441 ("DCYF"). There, the Court read the public interest exception in Rohrer to apply narrowly to cases involving laws which are enacted for the primary purpose of benefiting the public. See DCYF, 1995 WL 941441 at *3. The PAB avers that the pivotal rule in this case is Personnel Rule 4.031, which is a technical rule that lacks substantial public impact. This Court finds that the important issues in this case regarding jurisdiction revolve around an interpretation of the Merit System statutes. The Merit System is the very legislation that the Supreme Court in Rohrer found to impact the public interest. This Court further finds that Personnel Rule 4.031, which was promulgated pursuant to § 36-3-5 of the Merit System statutes, is inextricably related to the interpretation of the Merit System laws. *Page 8 
Therefore, the Court finds that the issues in this case involve a substantial public interest, and the Department has standing to bring this appeal.[7]
 B Salary Determinations on PAB Appeal
The Department contends that salary determinations are exclusively within the jurisdiction of the Personnel Administrator, and that the PAB acted in excess of its authority by ruling on a salary matter in McGovern's case. The Department presents the Personnel Administrator's extensive knowledge of the detailed issues involved in salary calculations as evidence that he is best qualified to make these determinations. Upon review of the Personnel Administrator's statutory authority, it is clear to the Court that the Personnel Administrator has, and is indeed required to have, extensive knowledge of job classifications and salaries. It is the Personnel Administrator who is charged with supervising and implementing the job classification plan, G.L 1956 §§ 36-3-5, 36-4-9, and with organizing and administering a pay plan that designates the minimum and maximum salaries for the various classifications. G.L. 1956 §§ 36-3-5, 36-4-13. Salary determinations after reclassification are clearly within the Personnel Administrator's jurisdiction.
The Court, however, cannot find that the Personnel Administrator has exclusive jurisdiction to make salary determinations, or that his determinations are exempt from appellate review. The PAB has express authority to make salary determinations where an appeal is brought by an employee who has been aggrieved by an appointing authority's decision to demote, suspend, *Page 9 
layoff, or dismiss that employee, or where the employee believes he or she has been discriminated against. G.L. 1956 § 36-4-42 (stating that in reviewing such an appeal, the PAB may "order payment of part or all of the salary to the employee for the period of time he or she was demoted, suspended, laid off, or dismissed. . ."); see also Morinville v.Moran, 477 A.2d 74, 75-76 (1984) (finding that there are three different avenues of appeal to the PAB, and that the PAB may make a determination as to reinstatement, compensation, and benefits where the employee has been successful before the Personnel Administrator, "or [where he or she is successful] on appeal before the board." Id. (emphasis added)). Although the present case is brought under G.L. 1956 § 36-4-41, and not G.L. 1956 § 36-4-42, the latter is instructive as to the PAB's general review power and its jurisdiction to make salary determinations in certain circumstances. See Norman J. Singer, Sutherland StatutoryConstruction, § 65:3 at 400-401 (6th ed. 2001) (noting that "consideration of the statute as a whole may not only support, but require an extended interpretation of the administrative board's power") (citing Norwegian Nitrogen Products co. v. U.S., 288 U.S 294 (1933)). It is therefore clear that the Personnel Administrator, while properly exercising authority over pay plans and salary determinations, shares this authority to some extent with the PAB.
The instant case, as noted, involves a salary determination as a result of reclassification, rather than as a result of suspension, demotion, layoff, dismissal, or discrimination. The appeal route available to the employee is therefore pursuant to G.L. 1956 § 36-4-41. Section 36-4-41 grants the PAB authority to review an appeal from "[a]ny person with provisional, probationary, or permanent status, who feels aggrieved by a decision of the administrator of adjudication. . . ." Because the PAB may hear any case appealed from the Administrator of Adjudication, its review power extends to any issues that may be heard by the Administrator of Adjudication. The *Page 10 
Administrator of Adjudication may hear an appeal from "[a]ny person with provisional, probationary, or permanent status who feels aggrieved by an action of the personnel administrator. . . ." G.L. 1956 § 36-4-40. As discussed supra, the Personnel Administrator, among other duties, may take action affecting an employee's classification and salary.See G.L 1956 §§ 36-3-5, 36-4-9, 36-4-13. Therefore, under this statutory scheme, the PAB may ultimately hear an appeal resulting from the Personnel Administrator's action with respect to job classification and salary, as long as the case is properly appealed through G.L. 1956 §§36-4-40 and 36-4-41. The Court therefore finds that the PAB may hear issues of salary when such issues are brought through either of the appeals processes established in the Merit System statutes. The Court is, however, mindful of the impact that such a finding may have, and recognizes the importance of determining whether the specific facts of the present appeal provide sufficient support for the PAB's salary determination in McGovern's case.[8]
 C The PAB's Ruling in McGovern's Case
In applying the facts of the present case, the Court must first address whether the issue of salary was before the PAB, and second, whether the PAB made adequate findings to support its decision. The record indicates that McGovern's concern regarding the decrease in his salary post-reclassification was an issue before both the Deputy Personnel Administrator and the Administrator of Adjudication. However, neither issued a decision with respect to the salary issue (both concluded only that McGovern should be reclassified from a Supervisor of Library Services to a Library Specialist II). The PAB engaged this issue on appeal, requesting that the *Page 11 
State provide further information about the impacts of the reclassification to McGovern's salary. Because the issue was not decided below, the Court must consider the Department's contention that the issue was not appropriately addressed by the PAB at the appellate level (the Department avers that the Personnel Administrator was never given the opportunity to actually decide this issue). The Court is mindful of the general theory of administrative appellate law which limits the reviewing body to consideration of the record, and bars it from basing its decision on new evidence. See G.L. 1956 § 42-35-15 (f) (confining judicial review of an administrative appeal to consideration of the record below); Norman J. Singer, Sutherland Statutory Construction, § 65:4 at 406-407 (6th ed. 2001) (observing that administrative actions that are judicial in nature tend to follow a court model); see e.g. United States v. Edwards, 450 F.2d 49, 53 n. 5 (1st Cir. 1971) (barring an agency's consideration of new evidence at the appeals board level). However, the Court must also consider the language of the specific statute that grants the PAB review authority.[9]
The PAB is instructed by G.L. 1956 § 36-4-41 to "make a report of its findings and recommendations to the governor based upon the decisions of the administrator of adjudication or the testimony taken at a hearing." If interpreting this language under general administrative appellate law theory, the Court might read it to mean that the PAB may consider the decisions or testimonies made at the level of the Administrator of Adjudication. If this were the Court's interpretation, then the issue of salary in McGovern's case would not be properly before the PAB — the issue was not decided below, nor was there sufficient testimony below to support a decision. However, the statutory sentence presents a disjunctive construction: the PAB may *Page 12 
consider the decisions of the Administrator of Adjudication "or
testimony taken at a hearing." (Emphasis added).[10] The Court finds that this construction is properly interpreted as granting authority to the PAB to consider both the decision below and evidence taken at the appellate level.
In further support of this interpretation, it may be inferred from the Rhode Island Supreme Court's treatment of remands to the PAB that the statute is to be read broadly, and that the PAB may consider testimony and perform a fact-finding function. See e.g. Lemoine v. Dep't of MentalHealth, Retardation and Hospitals, 113 R.I. 285, 320 A.2d 611 (1974) (affirming the Superior Court's decision to remand a matter to the PAB for the purpose of obtaining new evidence and resolving a question of fact, thus implying that the function is appropriately within the PAB's authority); Cipriano v. Personnel Appeal Bd., 114 R.I. 141, 142,330 A.2d 71, 72 (1975) (also remanding a matter to the PAB for further fact-finding); Danzer v. Rhode Island Bd. of Med. Licensure Discipline, 745 A.2d 733, 735 (R.I. 2000) (citations omitted) (noting that a quasi-judicial body has the "inherent power and obligation to reconvene for the purpose of considering new evidence").
This Court finds that the PAB has authority to consider evidence presented to it in the form of decisions on the record, as well as evidence in the form of new testimony at a hearing conducted by the PAB. Therefore, the final question for the Court is whether the PAB had sufficient evidence, in any form, to make a determination as to McGovern's salary. The Court finds that it did not. The PAB depends upon the plain language of Personnel Rule 4.031 to conclude that McGovern could be reclassified and yet maintain his current salary. The Rule *Page 13 
states that the reclassified employee's "salary shall be the minimum of the class or his/her existing salary, whichever is greater." (Emphasis added). Although the language of the Rule is clear, the Department contends that other considerations, such as union contracts, must be taken into account when making a salary determination, and that these considerations cannot be addressed by applying the Rule "in a vacuum." This contention is supported by the PAB's own finding that despite this Rule, McGovern could not receive his Master's Degree bonus under the new classification, as it was limited by his union contract. This Court is therefore persuaded that the issue of salary involves consideration of numerous complex factors, and that the PAB has not, on the record available to the Court, considered all of these many possibilities. The PAB lacked sufficient evidence in this case to decide that Personnel Rule 4.031 should apply absolutely, and thus its exclusion of the possibility that case-specific limitations may apply to McGovern was arbitrary.
 Conclusion
After review of the record before it, the Court finds that the Department had standing to bring this appeal under the public interest exception to G.L. 1956 § 42-35-15, and that the PAB, while properly exercising its authority to review issues of salary in a reclassification case, lacked sufficient evidence and acted arbitrarily in ruling that McGovern would maintain his current salary. The PAB's decision as to McGovern's salary is therefore vacated and remanded to the PAB for a more detailed hearing as to the basis of its salary determination. The decision as it pertains to the reclassification remains in effect.
Counsel shall submit an order for entry consistent with this decision.
[1] A Supervisor of Media Services holds responsibilities in the delivery of library information, consulting services, and program development. At the time of his desk audit, McGovern had reached the highest level within this classification (Pay Grade 24A). A Library Specialist II is also responsible for consultation services and program development, but must also implement a program in one or more areas of the library. If classified as a Library Specialist II, McGovern would receive compensation at Pay Grade 28A, but would forfeit certain benefits that had been negotiated by his union for Supervisors of Media Services. McGovern wished to be classified as a Library Specialist III, which requires that the employee perform highly responsible professional work in planning, developing, implementing, and also supervising one or more areas of the library. As a Library Specialist III he would receive a salary at Pay Grade 32A.
[2] Both a Supervisor of Media Services and a Library Specialist II "may" perform a supervisory role, but it is not required. McGovern was not supervising any staff at the time of his classification questionnaire. For a Library Specialist III, the supervisory role is mandatory.
[3] The PAB used the term "State" to refer to several agencies and representatives including the Office of Personnel Administration, the Office of Library Services, and the Labor and Employment Practice Group.
[4] Personnel Rule 4.031 reads in pertinent part: "Whenever a position is reallocated to a different class of position and the incumbent of the position so reallocated is to be employed in the said different class, his/her salary shall be the minimum of the class or his/her existing salary, whichever is greater, provided, however that such salary does not exceed the maximum salary of this said different class. . . . In cases of reclassification where there is substantial evidence that the employee has been performing the duties of a new classification for a considerable period of time, the Appointing Authority may recommend that special service credits be allowed. . . .If this recommendation is approved by the Personnel Administrator, the employee shall be given such credit in the pay range of the new classification for performance of such duties of the new classification as shall be determined by the Personnel Administrator." (Emphasis added).
[5] The employment classification system under which McGovern was reclassified, and the appeals process that permits the employee to seek review by the Administrator of Adjudication and the PAB are all established in Title 36, Chapter 4 of the General Laws, entitled "Merit System." The purpose of the "Merit System" under G.L. 1956 § 36-3-2 is ". . . to guarantee to all citizens a fair and reasonable opportunity for public service, to establish conditions of service which will attract officers and employees of character and capacity, and to increase the efficiency of the governmental departments and agencies by the improvements in methods of personnel administration." The Department of Administration, through the Division of Personnel Administration, is charged with supervising and implementing the operation of the merit system. See G.L. 1956 § 36-3-5.
[6] Under the APA, the term agency "includes each state board, commission, department or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases, and all authorities. . . ." G.L. 1956 § 42-35-1(a). The PAB, although it has challenged the classification, is also an agency subject to the APA.Hardman v. Personnel Appeal Board, 100 R.I. 145, 149, 211 A.2d 660, 663
(1965).
[7] The PAB also raised an issue of finality, arguing that because any decision of the PAB under § 36-4-41 must be signed by the Governor to take effect, the decision prior to the Governor's signature is not a "final order," and cannot be appealed. The Department claims that it lacks recourse against the Governor's decision, and so must appeal at this stage. The Court finds that Governor's signature is in essence a formality, and that the decision of the PAB is "final" for administrative purposes. See e.g. Rohrer, 425 A.2d at 530; Hardman v.Personnel Appeal Bd., 100 R.I. 145, 150, 211 A.2d 660, 663 (1965) (deciding that the Plaintiff agency could appeal the decision of the PAB as final. The facts of the case indicate that the decision had been presented to, but not yet signed by the Governor).
[8] Although issues of the PAB's authority with respect to reclassifications have been brought before the Superior Court, no case prior to the one at present has raised the narrow issue of whether the PAB may make a salary determination in a reclassification appeal.See e.g. Lopez v. Pers. Appeal Bd., 2002 R.I. Super. LEXIS 34;Gunther v. State, 2002 R.I. Super. LEXIS 159 (both addressing issues of reclassification, but not involving salary concerns).
[9] The statute granting the appellate body review authority may indicate an exception to the general theory of administrative appellate law. See, e.g. G.L. 1956 § 45-24-69 (granting statutory authority to the Superior Court to take in new evidence and make factual findings when serving in an appellate capacity and reviewing appeals from the Zoning Board of Review).
[10] If the two clauses are separated, then the question becomes whether "a hearing" includes a hearing conducted at the PAB level. The word "a" is an indefinite article, and has been interpreted as synonymous with "any" in some statutory contexts. See State ex rel.Roberts v. Snyder, 78 N.E.2d 716, 718 (Ohio 1948). If here "a hearing" means essentially "any hearing," then the PAB would be free to consider both the evidence below, and the evidence presented to it at an appellate hearing.